**The STATE of Ohio, Appellee,**

**v.**

**DAY, Appellant.**

[Cite as *State v. Day* (1994), 99 Ohio App.3d 514.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA94–04–026.

Decided Dec. 27, 1994.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*R. Daniel Hannon,* Clermont County Public Defender, and *David S. McCune,* Assistant Public Defender, for appellant.

Walsh, Judge.

This is an appeal from a jury verdict in the Clermont County Court of Common Pleas finding defendant-appellant, Bruce E. Day, guilty of domestic violence as a second offense.

Appellant and the prosecuting witness, Tina Day, were divorced in December 1991. In July 1993, they began living together again in an apartment on Summerside Drive in Union Township, Clermont County. On August 6, 1993, Tina called police and asked that an officer accompany her to the apartment to collect her belongings. The responding officer noticed Tina's black eyes. Upon questioning, Tina told the officer that appellant had struck her the previous evening. The officer then filed a domestic violence report.

Appellant was arrested on August 9, 1993. On September 29, the Clermont County Grand Jury returned an indictment against appellant for domestic violence pursuant to R.C. 2919.25(A). The indictment contained a previous violent offense specification based upon a February 1993 domestic violence conviction.

At pretrial, counsel for both sides filed motions *in limine*. The prosecuting attorney moved that the court prohibit any cross-examination of Tina Day regarding a pending custody matter involving the parties' son, Joshua. The court granted the motion. The defense moved that the court determine the issue of appellant's prior domestic violence conviction outside the hearing of the jury. The trial court overruled appellant's motion, and the matter proceeded to trial on April 8 and 11, 1994. The jury found appellant guilty as charged.

Appellant raises two assignments of error on appeal:

Assignment of Error No. 1

"The trial court erred in refusing to determine the prior domestic violence conviction outside the hearing of the jury."

Assignment of Error No. 2

"The trial court erred to the substantial prejudice of the defendant-appellant in granting the state's motion *in limine* preventing defendant-appellant from cross-examining the alleged victim concerning the pending custody matter between the parties."

In his first assignment of error, appellant alleges that the trial court erred in refusing to determine the existence of his prior domestic violence conviction outside the hearing of the jury. Appellant argues that allowing such evidence to go to the jury unfairly prejudiced their factfinding and denied him his constitutional rights to due process and the presumption of innocence. Appellant

concedes that case law supports submitting evidence of a prior conviction to the jury where it is an element of a subsequent offense. Appellant argues, however, that the case law is in error, and that submission of such evidence to the jury in his case unfairly influenced it to find him guilty based upon past conduct rather than on direct evidence. We find that appellant's prior conviction was properly presented to the jury as an element of the later offense, and that the scope of the evidence was limited so as to afford appellant a fair trial.

Where the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt, just as it must prove any other element. *State v. Henderson* (1979), 58 Ohio St.2d 171, 173, 12 O.O.3d 177, 178, 389 N.E.2d 494, 495. The jury must find that the previous conviction has been established in order to find the defendant guilty on the second offense. *Id.* This situation has been distinguished from one where an earlier conviction merely affects the penalty imposed for a subsequent offense. In that event, a defendant may request that the trial court determine the existence of the prior conviction at the sentencing hearing. *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 438, 506 N.E.2d 199, 201.

In this case, under R.C. 2919.25(D), a prior domestic violence conviction raises a subsequent offense from a first degree misdemeanor to a fourth degree felony. A prior conviction which raises the degree of a later offense is an element of the subsequent offense. *State v. Ireson* (1991), 72 Ohio App.3d 235, 239, 594 N.E.2d 165, 168. Evidence of the prior conviction is admissible to prove the later, more serious offense. See *Ireson* at 240, 241, 594 N.E.2d at 168, 169.

R.C. 2945.75(B) limits the scope of prior conviction evidence at trial. Where it is necessary to prove a prior conviction, "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove such prior conviction." The prosecuting attorney in this case did limit evidence of appellant's prior conviction to a certified copy of the judgment entry and identification testimony. This procedure eliminates surplus evidence which could unduly emphasize a defendant's prior conduct to the jury. See *State v. Lautenslager* (July 12, 1983), Marion App. No. 9-82-43, unreported, 1983 WL 7297. Therefore, appellant's argument that evidence of his prior conviction prejudiced the jury is not well taken. Appellant's first assignment of error is overruled.

In appellant's second assignment of error, he alleges that the trial court abused its discretion in granting the state's motion to prohibit any cross-examination of Tina Day about the pending custody matter between the parties. Appellant argues that the trial court's decision denied him the opportunity to explore Tina's potential bias and prejudice, that is, to show that Tina wanted him

to be convicted so she could get custody of their son. We find no abuse of discretion in the trial court's decision to exclude such testimony.

Evid.R. 403(A) states that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Appellant admits that "Tina Day would have had a most difficult case for custody in light of the fact that custody had just been granted to Bruce Day in March of 1993 * * * [and that] Tina has had a pitiful parenting record in the past." Appellant had already been convicted of domestic violence once, and Tina was still denied custody in their first divorce. If Tina is proven an unfit mother, she would not receive custody regardless of appellant's incarceration.

The potential for bias was speculative in this case. The trial court could have found that the relevance of custody testimony was outweighed by the risk of confusing the jury on the issues. The court's decision to exclude such testimony was therefore not an abuse of discretion, and appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The majority's analysis of the issues presented by this case is seriously flawed. Therefore, I dissent and would reverse appellant's conviction and remand this case to the Clermont County Court of Common Pleas for a fair trial.

The majority first states that the trial court properly denied appellant's motion for a separate hearing to determine the existence of his prior domestic violence conviction outside the presence of the jury. R.C. 2941.143 grants an accused the right to litigate the existence of a prior conviction for an offense involving violence in a separate proceeding before the trial judge, leaving only the underlying charge for the jury's consideration. *State v. Riggins* (1986), 35 Ohio App.3d 1, 6, 519 N.E.2d 397, 403–404; *State v. Watters* (1985), 27 Ohio App.3d 186, 27 OBR 224, 500 N.E.2d 312. The rationale for this rule is that the underlying prejudice inherent in the use of a prior conviction is the jury's tendency to convict based on the previous conviction, rather than on the weight of the evidence. *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 438, 506 N.E.2d 199, 201. The use of a prior conviction as evidence of a crime is also

restricted because it undermines the presumption of innocence. *Riggins, supra,* 35 Ohio App.3d at 6, 519 N.E.2d at 403–404.

In affirming the trial court's decision, the majority effectively abrogates this rule. The majority justifies its position by distinguishing between a prior conviction which elevates the degree of an offense and a prior conviction which merely elevates the severity of the punishment accompanying the underlying offense. See *State v. Ireson* (1991), 72 Ohio App.3d 235, 594 N.E.2d 165. This distinction is completely spurious. I am unwilling to permit the admissibility of this type of damaging evidence to hinge on such a question of semantics. Consequently, I believe that the trial court erred in refusing to determine the existence of appellant's prior domestic violence conviction in a separate hearing outside the presence of the jury.

I also strongly disagree with the majority's conclusion that the trial court properly prohibited defense counsel from cross-examining the victim on the issue of her pending child custody dispute with appellant. Evid.R. 611 provides that the scope of cross-examination includes all matters relevant to the case or controversy being litigated as well as all matters relevant to the credibility of the witnesses. The general rule is that the pendency of a civil action brought against the accused by a witness in a criminal case is admissible on cross-examination to show the bias or prejudice of the witness or to prove a motive to falsify or exaggerate her testimony. *State v. Ferguson* (1983), 5 Ohio St.3d 160, 166, 5 OBR 380, 386, 450 N.E.2d 265, 270.

The record indicates that appellant and the victim were divorced in December 1991. After a two-year custody battle, appellant eventually succeeded in obtaining permanent custody of the couple's six-year-old son, Joshua. The victim subsequently moved back in with appellant in July 1993, some three weeks before the domestic violence complaint in this case was filed. The victim then rekindled the custody dispute by obtaining temporary custody of Joshua pending the outcome of the criminal proceedings against appellant.

It is difficult to imagine a set of facts which would more aptly demonstrate the victim's potential bias or prejudice against appellant or her ulterior motive for vigorously assisting the state in its effort to obtain a criminal conviction in this case. There is simply no way that the probative value this evidence bears on the issue of the victim's credibility is *substantially* outweighed by the danger of confusing the jury or that the victim's bias or prejudice against appellant was "speculative" as suggested by the majority. Accordingly, I believe the trial court improperly prohibited defense counsel from cross-examining the victim on the issue of her child custody dispute with appellant. Therefore, I dissent.