DECISION AND JOURNAL ENTRY
Appellant, Stephen Pisarkiewicz, appeals his conviction in the Medina County Court of Common Pleas. We affirm.
 I.
On March 31, 1999, the Medina County Grand Jury indicted Mr. Pisarkiewicz on one count of operating a vehicle while under the influence of drugs or alcohol, having previously been convicted of three violations of R.C. 4511.19(A) or (B) within six years prior to the current offense, in violation of R.C. 4511.19(A)(1) and4511.99(A)(4)(a). A jury trial was held, commencing on June 9, 1999. Mr. Pisarkiewicz was represented by counsel and testified at trial. After the close of the State's case-in-chief and at the close of all evidence, Mr. Pisarkiewicz made a motion for acquittal, pursuant to Crim.R. 29. The trial court denied these motions. In a verdict journalized on June 17, 1999, the jury found Mr. Pisarkiewicz guilty of the charge contained in the indictment, making a special finding that Mr. Pisarkiewicz was convicted of three prior offenses regarding operating a motor vehicle while under the influence of alcohol within the previous six years. He was sentenced accordingly. This appeal followed.
 II.
Mr. Pisarkiewicz asserts six assignments of error. We discuss each in due course, consolidating the second and sixth assignments of error and the third, fourth, and fifth assignments of error to facilitate review.
 A. First Assignment of Error THE TRIAL COURT ERRED BECAUSE IT ALLOWED FACSIMILE COPIES OF ALLEGED CERTIFIED COPIES OF APPELLANT'S PRIOR CONVICTIONS INTO EVIDENCE, AND ALSO DID NOT REQUIRE FURTHER EVIDENCE SUFFICIENT TO IDENTIFY APPELLANT.
 Mr. Pisarkiewicz avers that the trial court erred in admitting into evidence facsimile copies of certified copies of municipal court and other state documents. He questions the authenticity of these documents, arguing that it was prejudicial to allow duplicate copies of certified copies when R.C. 2945.75(B) specifies certified copies. We disagree.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration original.) State v.Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
When a prior conviction raises the degree of the current offense from a misdemeanor to a felony, as is the situation in the case at bar, the prior conviction is an essential element of the crime and must be proven beyond a reasonable doubt. See State v. Day (1994), 99 Ohio App.3d 514,517. R.C. 2945.75(B) provides:
 [w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
 However, this court has previously stated that "R.C. 2945.75 sanctions merely one means of proving a prior conviction but not the only [means]." State v. Frambach (1992), 81 Ohio App.3d 834, 843.
Evid.R. 902 provides for the self-authentication of documents and states in relevant part:
 Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
* * *
(4) Certified copies of public records.
 A copy of an official record or report * * * certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio.
 Further, Evid.R. 1003 governs the admissibility of duplicates and states:
 A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.
 In present case, Mr. Pisarkiewicz argues that because R.C. 2745.75(B) specifies certified copies and Exhibit 7 contained facsimile copies of certified copies of municipal court and other state documents, the trial court erred in admitting these documents into evidence. However, the trial court specifically found that there was no genuine issue as to the authenticity of the facsimile copies of the certified municipal court and other public documents, and Mr. Pisarkiewicz does not aver that the information contained in the documents is inaccurate or altered from the original. Hence, we cannot say that the trial court abused its discretion in admitting these documents into evidence. See, generally, Akron v. Martin (Jan. 10, 1996), Summit App. No. 17286, unreported, at 3-4 (finding that a facsimile copy of a municipal court record complied with the requirements of Evid.R. 902).
In the alternative, he complains that the prosecution did not provide further evidence sufficient to identify Mr. Pisarkiewicz as the individual named in the judgment entries of his prior convictions, as is required by R.C. 2945.75(B). Although Mr. Pisarkiewicz objected to the admission of the uncertified LEADS printouts in Exhibit 6 and the authenticity of Exhibit 7, he did not raise this issue before the trial court, and therefore, it is not properly before this court. Mr. Pisarkiewicz's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED BECAUSE IT DID NOT GRANT APPELLANT'S MOTION FOR VERDICT OF DISMISSAL PURSUANT TO CRIMINAL RULE 29.
 Sixth Assignment of Error THE VERDICT RENDERED BY THE TRIER OF FACT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE SINCE THE PROSECUTION DID NOT PRODUCE SUFFICIENT EVIDENCE TO PROVE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.
 Mr. Pisarkiewicz contends that his conviction for operating a vehicle while under the influence of alcohol was based on insufficient evidence and against the manifest weight of the evidence. He further argues that the trial court erred in denying his Crim.R. 29 motion for acquittal. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
 (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Pisarkiewicz was convicted of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A), which states is relevant part that "[n]o person shall operate any vehicle * * * within this state, if * * * [t]he person is under the influence of alcohol[.]" Further, "[i]f, within six years of the offense, the offender has been convicted or pleaded guilty to three or more violations of division (A) or (B) of [R.C.] 4511.19 [or] a municipal ordinance relating to operating a vehicle while under the influence of alcohol * * * the offender is guilty of a felony of the fourth degree." R.C. 4511.99(A)(4)(a).
In the present case, Sergeant Derek Bauman of the Montville Township Police Department testified that on March 21, 1999 at approximately 2:00 a.m., he observed Mr. Pisarkiewicz's vehicle make an unusually wide turn from the exit ramp of Interstate 71 onto eastbound State Route 18 in Medina County, Ohio. Sgt. Bauman, who had been stopped at the red light on eastbound Rte. 18, activated the video camera in his police cruiser and followed Mr. Pisarkiewicz's vehicle. This video was played for the jury and admitted into evidence. He testified that the vehicle was weaving in a serpentine fashion and was not maintaining its lane. Sgt. Bauman stated that after he activated his lights, Mr. Pisarkiewicz turned on his emergency flashers and continued to drive approximately one-third of a mile before pulling into the parking lot of the Kilted Yak. Sgt. Bauman noted that this was an unusually long distance under the circumstances. When he approached the vehicle, Sgt. Bauman noticed that Mr. Pisarkiewicz had bloodshot, glassy eyes, and that there was a strong odor of alcoholic beverages, emanating from his person. Sgt. Bauman stated that Mr. Pisarkiewicz had difficulty explaining where he lived and stuttered when he spoke. When Sgt. Bauman asked Mr. Pisarkiewicz how much he had to drink, he answered that he had "[l]ike one beer." However, later that evening, he admitted to having two glasses of champagne and a beer. At trial, Mr. Pisarkiewicz testified that he had two glasses of champagne and one and two-thirds beers. Sgt. Bauman asked Mr. Pisarkiewicz for his identification, and he presented a Florida driver's license and an Ohio identification card. Upon transmitting the identification information to the dispatcher, Sgt. Bauman learned that Mr. Pisarkiewicz had a felony warrant for his arrest. Thereafter, Officer Scott Marcum of the Montville Township Police Department arrived. Officer Marcum testified that he smelled an obvious odor of alcoholic beverages on Mr. Pisarkiewicz and that Mr. Pisarkiewicz had red, glassy eyes and slow speech. Subsequently, Mr. Pisarkiewicz refused to perform a sobriety test and later refused to take a breathalyzer test. Sgt. Bauman stated that Mr. Pisarkiewicz was unfit to drive.
The defense called Craig Ogland, Mr. Pisarkiewicz's employer, to testify. Mr. Ogland testified that Mr. Pisarkiewicz had come to a dinner party at his house on March 20, 1999, and had consumed approximately two glasses of champagne and two beers between approximately 7:30 p.m. and 12:30 a.m. Mr. Ogland admitted that he did not know who had exactly what to drink, but testified that he did not think that Mr. Pisarkiewicz was drunk when he left the party to drive another individual home. However, it was unclear whether Mr. Pisarkiewicz was able to account for some of the time between when he left Mr. Ogland's house, drove another individual home, and was stopped by the police.
At trial, Mr. Pisarkiewicz testified that he took a wide turn onto Rte. 18 because he had the green light and there was no other traffic.[1]
At trial, he generally denied all of Sgt. Bauman's and Officer Marcum's observations, such as denying that he smelled of alcohol and that he stammered. He explained that he did not do the performance sobriety test or the breathalyzer test because his attorney for one of his previous DUI's had advised against it.
Lastly, municipal court and other state documents were admitted into evidence, showing that on October 19, 1993, Mr. Pisarkiewicz was convicted of a violation of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, and that on January 12, 1996 and August 8, 1996, Mr. Pisarkiewicz pleaded guilty to violations of R.C. 4511.19. Furthermore, Mr. Pisarkiewicz admitted at trial that he had three prior convictions for operating a vehicle while under the influence of alcohol within six years prior to the March 21, 1999 offense. After a thorough review of the record, we find that the jury did not clearly lose its way and act against the manifest weight of the evidence in convicting Mr. Pisarkiewicz of operating a vehicle while under the influence of alcohol and in finding that he had previously been convicted of or pleaded guilty to three or more violations of R.C. 4511.19 or a municipal ordinance relating to operating a vehicle while under the influence of alcohol within six years prior to the current offense. Consequently, we conclude that Mr. Pisarkiewicz's assertion that the State did not produce sufficient evidence to support his conviction, therefore, is also without merit. See Roberts, supra, at 4. Mr. Pisarkiewicz's second and sixth assignments of error are overruled.
 C. Third Assignment of Error THE TRIAL COURT ERRED BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE THE STOP OF APPELLANT WAS WARRANTLESS, UNCONSTITUTIONAL, AND NOT BASED ON PROBABLE CAUSE.
 Fourth Assignment of Error THE TRIAL COURT ERRED BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN THAT THERE WAS PROBABLE CAUSE TO ARREST APPELLANT FOR DRIVING UNDER THE INFLUENCE.
 Fifth Assignment of Error THE TRIAL COURT ERRED BECAUSE STATEMENTS AND EVIDENCE WERE OBTAINED FROM APPELLANT IN VIOLATION OF THE FIFTH
AND SIXTH AMENDMENTS.
 In his third assignment of error, Mr. Pisarkiewicz contends that the police lacked reasonable suspicion to stop him, and therefore, all evidence obtained as a result of the illegal stop was inadmissible. Similarly, in his fourth assignment of error, Mr. Pisarkiewicz avers that the arresting officer did not have probable cause to arrest him for driving while under the influence of alcohol or drugs, and thus, all evidence obtained as a result of the illegal arrest was inadmissible. Lastly, Mr. Pisarkiewicz argues that his statements to police were inadmissible because the police did not advise him of his rights, as required by Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, and therefore, his constitutional right to counsel, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, was violated.[2] Prior to trial, Mr. Pisarkiewicz failed to file a motion to suppress any of the statements or evidence. Thus, the threshold question is whether Mr. Pisarkiewicz waived these challenges. We find that he did.
It is well-settled that "`an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' * * * Such errors are waived." State v. Campbell (1994),69 Ohio St.3d 38, 40, quoting State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. By failing to file a pretrial motion to suppress illegally obtained evidence prior to trial, a defendant waives any error to its admission at trial. See Crim.R. 12(B)(3); see, also,Campbell, 69 Ohio St.3d at 44; State v. Sibert (1994), 98 Ohio App.3d 412,429. Here, Mr. Pisarkiewicz failed to file a motion to suppress the evidence and statements allegedly illegally obtained by the police, and therefore, waived any objection he might have had to the introduction of this evidence at trial. We further conclude that the error complained of does not rise to the level of plain error. Crim.R. 52(B). Mr. Pisarkiewicz's third, fourth, and fifth assignments of error are overruled.
 III.
Mr. Pisarkiewicz's six assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions. ___________________________ WILLIAM G. BATCHELDER
BAIRD, J. SLABY, J. CONCUR
[1] There are two eastbound lanes on Rte. 18.
[2] Mr. Pisarkiewicz was read his Miranda rights after being placed under arrest and seated in the police cruiser.