OPINION
{¶ 1} Defendant-appellant, Bill Perkins, Jr., appeals his conviction for domestic violence in the Clinton County Court of Common Pleas, a felony offense as a result of his prior domestic violence conviction. We affirm the conviction.
 {¶ 2} On October 19, 2004, Crystal Perkins ("Perkins"), appellant's wife, went to the home of her neighbor, Teresa Camp. Perkins was crying and had blood running down her cheek. She told Camp that "he [appellant] hit me." A few minutes later appellant pulled up to Camp's residence in an automobile. Camp confronted appellant, who remained in his car, and asked why he had hit Perkins. He responded, "I didn't hit her. I threw a rock at her." Appellant began yelling for Perkins and honking his horn. Appellant left when Camp informed him that she was phoning the police for assistance. She reported the incident to the Wilmington Police Department, and provided the police with a description of appellant's vehicle. Moments later, Sergeant Robert Martin, responding to the call, stopped appellant less than two blocks from the scene.
 {¶ 3} Patrolman Robert Wilson was first to arrive at the residence. Perkins told Wilson that appellant had thrown a rock at her, and the officer observed a cut on her left cheek. In a police report, Perkins stated that appellant had beaten her up because she was angry with him over an alleged affair. Appellant was charged with domestic violence, and the matter proceeded to a jury trial.
 {¶ 4} At trial, Perkins recanted her previous statements, and instead testified that a woman, unknown to her but whom she believed to be having an affair with appellant, came to her home and attacked her. Perkins testified that appellant had left her home with the children the night before and not returned. In rebuttal, Lynn Turner, an assistant Clinton County prosecuting attorney, testified that Perkins had told her that appellant had caused Perkins' injuries. The jury found appellant guilty of domestic violence and he was sentenced accordingly. He appeals, raising four assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "APPELLANT'S CONVICTION WAS THE RESULT OF THE TRIAL COURT'S IMPROPER ADMISSION OF OTHER-ACTS EVIDENCE."
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred in permitting Turner to testify, over appellant's objection, that appellant had a prior domestic violence conviction, and had been acquitted of an unrelated assault charge. Appellant contends that the testimony constituted "other acts" evidence which should have been excluded under Evid.R. 404(B). Evidence Rule 404(B) provides for the exclusion of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show that he acted in conformity therewith."
 {¶ 8} "`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" State v. Maurer
(1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. In a criminal case, prejudicial error exists if there is a reasonable possibility that improperly admitted evidence contributed to the conviction. State v.Thompson (1981), 66 Ohio St.2d 496. An abuse of discretion is more than an error of law or judgment, but instead connotes that "the trial court's decision was unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} In the present case, appellant was indicted on a domestic violence charge that sought enhancement from a misdemeanor to a felony. R.C. 2919.25(D) states that "[w]hoever violates this section is guilty of domestic violence . . . If the offender previously has been convicted of domestic violence . . . a violation of division (A) or (B) of this section is a felony of the fifth degree." When the existence of a prior offense is an element of a subsequent crime, "the state must prove the prior conviction beyond a reasonable doubt, just as it must prove any other element. The [fact finder] must find that the previous conviction has been established in order to find the defendant guilty[.]" State v. Day (1994), 99 Ohio App.3d 514, 517.
 {¶ 10} Appellant's prior domestic violence conviction was an essential element which the state was required to be prove beyond a reasonable doubt. See State v. Allen (1987),29 Ohio St.3d 53. Further, appellant's prior domestic violence conviction had been introduced earlier in the course of the trial. Therefore, the trial court did not abuse its discretion when it permitted Turner's testimony.
 {¶ 11} Turner's statement regarding appellant's acquittal on an unrelated assault charge resulted in no prejudice to appellant. If there is no reasonable possibility that testimony concerning other acts contributed to the appellant's conviction, "then the admission constitutes harmless error." State v.Elliot (1993), 91 Ohio App.3d 763, 771; Columbus v. Taylor
(1988), 39 Ohio St.3d 162, 166. In the present case, given the significant evidence of appellant's guilt, there is no reasonable probability that testimony regarding a previous acquittal contributed to appellant's conviction. Accord Elliot.
Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "APPELLANT'S CONVICTION WAS THE RESULT OF THE TRIAL COURT'S IMPROPER ADMISSION OF HEARSAY."
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred by permitting Turner to testify, over his objection, that "[Perkins] indicated to me that [appellant] had done it." Appellant argues that the testimony is inadmissible hearsay. The state elicited this evidence on rebuttal, after Perkins had recanted her previous assertions that appellant caused her injuries.
 {¶ 15} Admission or exclusion of relevant evidence rests within the sound discretion of the trial court. Maurer at 265. Absent an abuse of discretion, the trial court's evidentiary ruling will not be disturbed upon appeal. Id.
 {¶ 16} In examining the proper use of prior inconsistent statements under Evid.R. 613(B), "[i]t must be remembered that an inconsistent statement is not offered for the truth of the matter asserted." State v. Hach (Jan. 3, 2001), Summit App. No. 19772, 2001 WL 7381, *1; see Evid.R. 801(C). Rather, the statement is used for the purpose of attacking the credibility of the witness. See Evid.R. 613(B). Such statements are "`impeaching' on the theory that the making of two different statements with regard to the same event calls into question the truthfulness of the witness," regardless of the truth or falsity of either of the statements. Id.
 {¶ 17} The state elicited the disputed testimony after Perkins recanted her previous statements that appellant injured her, in order to attack Perkins' credibility. As a result, the trial court did not abuse its discretion by overruling appellant's hearsay objection and permitting the testimony. Appellant's second assignment of error is overruled.
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "APPELLANT'S CONVICTION WAS THE RESULT OF THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ADMISSION OF IMPERMISSIBLE OTHER-ACTS EVIDENCE AND HEARSAY."
 {¶ 20} In his third assignment of error, appellant argues that the cumulative effect of the errors alleged in his first two assignments of error resulted in unfair prejudice. The Supreme Court of Ohio has recognized the doctrine of cumulative error when numerous "harmless errors" are combined. State v. DeMarco
(1987), 31 Ohio St.3d 191, 197. In order for the doctrine of cumulative error to be applicable, however, an appellate court must find that multiple errors, none of which individually rose to the level of prejudicial error, actually occurred in the trial court. Id.
 {¶ 21} Upon review of appellant's first and second assignments of error, we found only one potential error and determined that it was harmless. The existence of a single, harmless error "certainly does not amount to cumulative error," and we overrule appellant's third assignment of error. See Statev. Reed, Montgomery App. Nos. 18417 and 18448, 2001-Ohio-1537.
 {¶ 22} Assignment of Error No. 4:
 {¶ 23} "APPELLANT'S CONVICTION WAS THE RESULT OF HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE."
 {¶ 24} In his final assignment of error, appellant argues that his trial counsel was ineffective for failing to object to hearsay testimony, failing to object to alleged prosecutorial misconduct, and failing to subpoena a potential alibi witness.
 {¶ 25} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was deficient and prejudicial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To establish deficient performance, appellant must show that under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Id. at 688. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. To establish prejudice, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action falls within the wide range of professional assistance. State v. Bradley (1989),42 Ohio St.3d 136, 142, quoting Strickland at 689. Upon review of the record, we find no merit to appellant's assertions that he received ineffective assistance of counsel.
 {¶ 26} Appellant first asserts that his trial counsel was ineffective for failing to object to Turner's testimony recounting Perkins' statement that appellant had told her to deny that he was the father of her child in an unrelated proceeding. The "failure to object to error, alone, is not enough to sustain a claim of ineffective assistance * * *." State v. Holloway
(1988), 38 Ohio St.3d 239, 244, certiorari denied 492 U.S. 925,109 S.Ct. 3261. Competent counsel may reasonably hesitate to object in the jury's presence because "[o]bjections tend to disrupt the flow of a trial and are considered technical and bothersome by a jury." State v. Hill, 75 Ohio St.3d 195, 211,1996-Ohio-222. (Citations omitted.)
 {¶ 27} In the present matter, counsel objected throughout Turner's testimony, and in fact lodged an objection to another statement Turner made during the course of answering the question which led to the alleged hearsay. Because appellant's trial counsel may have chosen not to object to every hearsay statement as part of a sound trial strategy, we find this contention to be without merit.
 {¶ 28} Appellant next contends that his trial counsel was ineffective for failing to object when the prosecutor allegedly injected her personal belief as to appellant's guilt into her closing argument. Appellant alleges the following statement made by the prosecutor contains her personal belief of appellant's guilt, and consequently is evidence of prosecutorial misconduct:
 {¶ 29} "When the facts are against you, you argue reasonable doubt. In this case the facts are against the Defendant. You argue things like, well, reasonable doubt, reasonable doubt, reasonable doubt, because the facts are overwhelming. Common sense tells us what happened that day, common sense and the witnesses, because when you put it altogether [sic], there is only one scenario that happened."
 {¶ 30} Because we disagree with appellant's interpretation of the above statement, and do not find that the prosecutor impermissibly injected her personal beliefs or opinions into this statement, we find appellant's contention to be without merit. Counsel "is given latitude during closing arguments to argue what the evidence has shown and any inferences that can be made,"State v. Slagle (1992), 65 Ohio St.3d 597, 607. The statement above does no more than that.
 {¶ 31} Finally, appellant contends that his trial counsel was ineffective for failing to subpoena his mother, who he alleges would have provided him with an alibi. Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992), 75 Ohio App.3d 219,230. The failure to subpoena witnesses for trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice. Id., citing State v. Hunt (1984),20 Ohio App.3d 310, 312; State v. Reese (1982), 8 Ohio App.3d 202,203.
 {¶ 32} At trial, Perkins testified that appellant left the home the evening before the incident, and did not return until after the alleged scuffle with an unknown female assailant. However, it cannot be ascertained from the record whether appellant's mother could have provided him with the alleged alibi. It would have been devastating to appellant's defense had his counsel called an ineffective alibi witness, enabling the state to discredit his alleged alibi. Upon the record before us, we find that counsel's decision not to call the alibi witness constitutes sound trial strategy and does not constitute ineffective assistance. Appellant's fourth assignment of error is overruled.
 {¶ 33} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.