OPINION *Page 2 
{¶ 1} Defendant-appellant, Jose G. Maynez (hereinafter "Maynez"), appeals the Defiance County Court of Common Pleas judgment of conviction and imposition of sentence. For reasons that follow, we affirm.
 {¶ 2} Around 9:30 a.m. on December 16, 2007, Maynez returned to the apartment he shared with his live-in girlfriend and mother of his child, Diana Fackler. (Oct. 1, 2007 Tr. Vol. I at 272); (Oct. 2, 2007 Tr. Vol. II at 343). Soon after he arrived home, Maynez confronted Fackler about a man's hooded sweatshirt he found in the apartment that did not belong to him. (Oct. 1, 2007 Tr. Vol. I at 258); (Oct. 2, 2007 Tr. Vol. II at 345). Maynez accused Fackler of sleeping with another man while he was at work. (Oct. 1, 2007 Tr. Vol. I at 258). At this point, the argument became physical. According to Fackler, Maynez grabbed her by the neck, started choking her, knocked her to the floor, and continued to choke her. (Id.). Fackler also alleged that Maynez threw a knife at her, but the knife missed and struck a wall. (Id. at 260). At first, Fackler denied sleeping with anyone but eventually told Maynez that she had slept with one of her co-workers several times. (Id. at 261).
 {¶ 3} Around 2:30 p.m., Fackler left the apartment on foot leaving their child with Maynez. (Oct. 2, 2007 Tr. Vol. II at 354). Maynez left shortly thereafter with the car to do laundry. (Id. at 355). Fackler's Aunt discovered her *Page 3 
walking and picked her up in her car. (Oct. 1, 2007 Tr. Vol. I at 276). Fackler then went to a Christmas party at her grandmother's house. (Oct. 2, 2007 Tr. Vol. II at 266-67). Later that evening, Fackler returned to the apartment with a police officer. (Oct. 1, 2007 Tr. Vol. I at 165). Fackler reported that Maynez assaulted and raped her earlier that day. Maynez was arrested for domestic violence.
 {¶ 4} On January 5, 2007, the Defiance County Grand Jury indicted Maynez on count one of rape in violation of R.C. 2907.02(A)(1)(a), a first degree felony; count two of domestic violence in violation of R.C. 2919.25(A), a fourth degree felony; and count three of endangering children in violation of R.C. 2929.22(A), a first degree misdemeanor.
 {¶ 5} On October 1, 2007, a jury trial commenced. On October 2, 2007, the jury returned its verdict finding Maynez not guilty on counts one and three but guilty on count two of domestic violence. The jury also found that Maynez had previously been convicted of domestic violence. On October 19, 2007, Maynez was sentenced to the maximum term of eighteen (18) months imprisonment.
 {¶ 6} On November 21, 2007, Maynez filed his appeal to this Court asserting two assignments of error for review.
 ASSIGNMENT OF ERROR NO. I WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO BIFURCATE THE TRIAL ON THE ISSUE OF DEFENDANT'S PRIOR CONVICTION. *Page 4 
 {¶ 7} Maynez, in his first assignment of error, argues that a trial court commits plain error by failing to bifurcate the trial when a defendant's prior conviction is a necessary element of the underlying offense. Maynez acknowledges that stare decisis supports the opposite conclusion, but he, nonetheless, asks this Court to depart from Ohio Supreme Court and Court of Appeals' precedent. The State argues that Maynez has waived this argument by failing to object during the proceedings below. The State also argues that precedent instructs that the trial cannot be bifurcated when a prior conviction is an element of the underlying offense. We agree with the State and follow prior precedent.
 {¶ 8} We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107, 110,559 N.E.2d 710, quoting State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule; the error must have been an obvious defect in the proceeding; and the error must have affected a substantial right. State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043, citing State v. Moreland (1990),50 Ohio St.3d 58, 552 N.E.2d 894. *Page 5 
 {¶ 9} Maynez's argument that the trial court committed plain error by failing to bifurcate the trial lacks merit for three reasons. First, the trial court did not deviate from a legal rule. Barnes,94 Ohio St.3d at 27. The pertinent rules of law governing bifurcation for prior convictions were clearly stated in State v. Ierson (1991),72 Ohio App.3d 235, 239, 594 N.E.2d 165:
 Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact. State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, syllabus. Conversely, where the prior conviction elevates the degree of the subsequent offense, it is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense pursuant to R.C. 2941.142 or 2941.143. Allen, supra, at 54, 29 OBR at 437, 506 N.E.2d at 200; State v. Swiger (1987), 34 Ohio App.3d 371, 518 N.E.2d 972; see, also, State v. Henderson (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494 * * *.
This Court and every other appellate court have applied this rule, and we see no reason to depart from it now. State v. Weatherholtz, 3d Dist. No. 16-02-15, 2003-Ohio-3633, ¶ 42; State v. Laury (Jul. 5, 1995), 1st Dist. No. C-940745, at *1; State v. Smith (Aug. 10, 2001), 2nd Dist. No. 18654, at *5; State v. Grundy (Dec. 14, 1999), 5th Dist. No. 99CA0046, at *2; State v. Torres (Mar. 31, 1999), 6th Dist. No. WD-98-049, at *3;State v. Runner (May 16, 2001), 7th Dist. No. 99 BA 36, at *3; State v.Nievas (1997), 121 Ohio App.3d 451, 700 N.E.2d 339; State v. Lynch (Jan. 6, 1999), 9th Dist. No. 97CA006849, at *3; State v. Adams (1995), 106 Ohio *Page 6 
App.3d 139, 143, 665 N.E.2d 700; State v. Flasck (Dec. 29, 2000), 11th Dist. No. 99-T-0173, at *2-3; State v. Day (1994), 99 Ohio App.3d 514,517, 651 N.E.2d 52.
 {¶ 10} Maynez was indicted on one count of domestic violence in violation of R.C. 2919.25, which provides, in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 * * *
 (D)(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence * * * a violation of division (A) or (B) of this section is a felony of the fourth degree * * *
The jury found Maynez guilty of domestic violence and further found that Maynez had a prior domestic violence conviction. (Doc. # 79). A first offense under R.C. 2919.25(A) is generally a first degree misdemeanor. R.C. 2919.25(D)(2). However, pursuant to subsection (D)(3), a prior domestic violence conviction elevates the second offense to a fourth degree felony; and therefore, the prior conviction is an essential element and may not be bifurcated from the other elements of the offense as Maynez suggests. Ierson, 72 Ohio App.3d at 239.
 {¶ 11} Second, Maynez has failed to show that the outcome would have clearly been different but for the trial court's failure to bifurcate.State v. Waddell, 75 Ohio St.3d at 166, citing Moreland,50 Ohio St.3d 58. In fact, Maynez admits that "[i]t is equally highly speculative to say that that [sic] the jury was unfairly prejudiced against [him] and would have acquitted him, but for the prior *Page 7 
conviction evidence." (Appellant's Brief at 5). We are persuaded that the jury in this case carefully weighed the evidence as to each charge in the indictment. In fact, the jury acquitted Maynez on two of the three charges.
 {¶ 12} Third, we are not persuaded that the jury's guilty verdict created a manifest injustice that would merit finding plain error.Landrum, 53 Ohio St.3d at 110, quoting Long, 53 Ohio St.2d 91, paragraph three of the syllabus. The State presented sufficient evidence to prove that Maynez committed domestic violence. Fackler testified that Maynez grabbed her by the neck, knocked her to the floor, and began choking her. (Oct. 1, 2007 Tr. Vol. I at 258). Fackler also testified that Maynez chased her around the house with a knife and threw the knife at her but missed and struck the wall. (Id. at 260). Officer Alex Naton of the Defiance City Police Department testified that he observed injury on Fackler's neck. (Id. at 165, 167). Officer Naton testified that he located two pairs of Fackler's panties in the trashcan, which Fackler alleged had been cut by Maynez. (Id. at 168). Officer Naton also testified that he observed a small indentation in the bedroom wall where Fackler indicated the knife thrown by Maynez struck. (Id.). On the basis of this record, we cannot find that the jury created a manifest injustice by convicting Maynez of domestic violence.
 {¶ 13} Maynez's first assignment of error is, therefore, overruled. *Page 8 
 ASSIGNMENT OF ERROR NO. II APPELLANT APPEALS AS A MATTER OF RIGHT THE MAXIMUM SENTENCE IMPOSED UNDER R.C. 2953.08(A).
 {¶ 14} In his second assignment of error, Maynez argues that the sentence imposed was contrary to law because "the maximum term was not required for the offense." (Appellant's Brief at 10). Maynez asks this Court to modify the sentence to a term of community control for the balance of the sentence's term. The State, on the other hand, argues that the trial court properly considered the relevant factors and sentenced within the statutory guidelines. Furthermore, the State argues that the defendant bears the burden of demonstrating by clear and convincing evidence that his sentence is unsupported by the record, and Maynez has failed to make this showing. We agree with the State that the trial court did not err in sentencing Maynez to the maximum term of imprisonment.
 {¶ 15} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. State v.Tyson, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G); State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23
(the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases *Page 9 
appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; State v.Boshko (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is `"clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."' State v. Watkins, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting State v. Jones (2001),93 Ohio St.3d 391, 400, 754 N.E.2d 1252.
 {¶ 16} Maynez's argument again lacks merit. To begin with, his bald assertion that a "maximum prison term was not required for the offense" does not clearly and convincingly show that the trial court's sentence is unsupported by the record. (Appellant's Brief at 10). The trial court sentenced Maynez to eighteen (18) months imprisonment, the statutory maximum for a fourth degree felony. (Oct. 19, 2007 Sentencing Hearing Tr. at 5); (Oct. 24, 2007 JE); R.C. 2929.14(A)(4). FollowingFoster, trial courts now "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences," except when making a downward departure under *Page 10 
R.C. 2929.13(D) or R.C. 2929.20(H). State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, ¶ 100; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at paragraph one of the syllabus.
 {¶ 17} In the trial court's judgment entry, it clearly states that it considered the appropriate statutory criteria, the pre-sentence investigation report, the statements, and the case history. (Oct. 24, 2007 JE). The record demonstrates that the trial court did, in fact, consider these criteria. Prior to sentencing Maynez, the trial court reviewed the victim impact statement and heard statements from the prosecutor, defense counsel, and Maynez. (Oct. 19, 2007 Sentencing Hearing Tr. at 2-5). The sentencing record also demonstrates that the trial court considered the purposes of sentencing, which are: (1) to protect the public from future harm from the offender and others; and (2) to punish the offender. R.C. 2929.11(A). The trial court stated:
 Obviously, I did hear the trial testimony. It's a serious, violent crime. You have no remorse whatsoever. Everything is somebody else's fault. It's, frankly, my hope that — I can't believe that — it would be within another court's jurisdiction to determine when, if ever, you see the child and I'm sure that court will do the right thing in that regard. As far as this matter is concerned, you have a history of violence. This was a violent crime. You're completely unrepentant. You're of the greatest risk to re-offend. * * *
(Oct. 19, 2007 Sentencing Hearing Tr. at 4-5). Furthermore, the trial court was aware of Maynez's prior criminal record, which included a prior domestic assault and battery conviction and a home invasion conviction. (Id. at 2). Under these *Page 11 
circumstances, we cannot conclude that the trial court's sentence was not supported by the record or contrary to law, and Maynez has failed to persuade us otherwise. Neither can we conclude, based upon the record herein, that the trial court abused its discretion in sentencing Maynez to the maximum term of imprisonment.
 {¶ 18} Maynez's second assignment of error is, therefore, overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1