81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kwabena BOATENG, Defendant-Appellant.
 No. 95-10145.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided April 3, 1996.
 
 1
 Before: HUG, Chief Judge, FERNANDEZ, Circuit Judge, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kwabena Boateng appeals his convictions for importation of heroin into the United States, in violation of 21 U.S.C. § 952, and possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Boateng contends that the district court erred (1) by admitting two Immigration & Naturalization Service ("INS") files in violation of Fed.R.Evid. 404(b) and (2) by denying Boateng's request for a sentence reduction for minor participation in the offense pursuant to U.S.S.G. § 3B1.2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Background
 
 
 5
 On May 21, 1994, United States Customs officials arrested Boateng as he tried to enter the United States with approximately 3.3 kilograms of heroin hidden in four books and in the lining of a garment bag. Boateng disavowed any knowledge of the heroin. Boateng claimed that he was in Singapore to visit a sister, Abena Boateng, and that he had been befriended by two men, an American and a Nigerian, who asked him to carry the items back to the United States.
 
 
 6
 At trial, the Government sought to prove Boateng's knowledge of the heroin in two ways. First, the Government sought to link Boateng to numerous phone calls to Thailand, the alleged source country of the heroin, from a phone listed to a "Dickson Boateng" in New York City. These calls were all made shortly before Boateng went to Singapore. Second, the Government sought to introduce evidence contradicting Boateng's claim that the purpose of his trip to Singapore was to visit his sister. In support of these theories, the Government offered two INS files as evidence, over Boateng's objections. The first INS file identifies Boateng as "Dickson Boateng" and the other identifies him as "Kwabena Boateng." "Kwabena" is the name Boateng used when he entered the country with the heroin. Both INS files contained fingerprint blotters matching Boateng's fingerprints although the files indicated different birth dates. In addition, the "Dickson" file requested Boateng to list all siblings. In response, Boateng listed only one sibling, a brother, and makes no mention any sister named Abena Boateng.
 
 
 7
 The district court found that the INS files were admissible. Boateng was subsequently convicted, and the district court denied his request for a two- or three-level sentence reduction for minor participation in the offense pursuant to U.S.S.G. § 3B1.2. Boateng timely appeals.
 
 II
 Rule 404(b) Challenge
 
 8
 On appeal, Boateng first contends that the district court erred by admitting into evidence the two INS files in violation of Fed.R.Evid. 404(b), which limits the introduction of "[e]vidence of other crimes, wrongs, or acts."
 
 
 9
 Whether evidence constitutes "other acts" evidence admissible only as provided under Fed.R.Evid. 404(b) is a question of law which we review de novo. United States v. Kallin, 50 F.3d 689, 693 (9th Cir.1995). The district court's decision to admit "other acts" evidence is reviewed for an abuse of discretion. Id. Even if we were to hold that the district court abused its discretion by admitting "other acts" evidence, we will reverse only if the error was not harmless. See United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). A non-constitutional error is not harmless if it is "more probable than not" that admission of the evidence affected the jury's verdict. Id.
 
 
 10
 Pursuant to Rule 404(b),
 
 
 11
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 
 
 12
 To be admissible under Rule 404(b), the proffered evidence must satisfy "four requirements: (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). In United States v. Ramirez-Jiminez, we considered the second requirement of admissibility under 404(b) and held that "the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." 967 F.2d 1321, 1326 (9th Cir.1992). "Finally, in addition to these requirements, we must analyze the evidence pursuant to [Fed.R.Evid.] 403 and determine whether its probative value outweighs its prejudicial effect." Arambula-Ruiz, 987 F.2d at 602.
 
 
 13
 Here, even if we assume that the INS files constitute evidence of "other crimes, wrongs, or acts" and thus are subject to Rule 404(b)'s four requirements, the district court did not abuse its discretion by admitting them.[1] See Fed.R.Evid. 404(b); Arambula-Ruiz, 987 F.2d at 602-04.
 
 
 14
 The INS files satisfy the first requirement of admissibility: materiality. They provide relevant, material evidence showing that "Kwabena Boateng" and "Dickson Boateng" were the same person by fingerprint and handwriting analysis of the files. By doing so, the INS files enabled the Government to link Boateng to the telephone calls from Dickson Boateng's phone, tending to show Boateng's knowledge of the heroin, a material element of the offenses. See 21 U.S.C. §§ 952 & 841; Arambula-Ruiz, 987 F.2d at 603. The "Dickson" file also was admissible as relevant evidence regarding the issue of the existence of Boateng's sister, Abena, and the veracity of Boateng's explanation to customs officials regarding the purpose of his trip to Singapore.
 
 
 15
 Second, because the INS files tend to make Boateng's " 'knowledge [of the presence of heroin in his luggage] more probable than it would be without the evidence,' " the "other acts" evidence, " 'need not be similar to the charged act.' " See Arambula-Ruiz, 987 F.2d at 603 (quoting Ramirez-Jiminez, 967 F.2d at 1326).
 
 
 16
 Third, there is no dispute as to the sufficiency of the evidence showing that Boateng engaged in the prior bad act. Thus, this element is satisfied. See id.
 
 
 17
 Fourth, while the INS files were remote in time, their probative value was to show that Kwabena Boateng and Dickson Boateng were the same individual, thereby linking Boateng to incriminating phone calls placed shortly before Boateng's trip to Singapore. Given these circumstances, the information contained in the INS files was not "too remote in time." See id. (observing that "a conviction which occurred five years prior to the charge was not too remote" (citing United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1993)).
 
 
 18
 Finally, the district court did not abuse its discretion by finding that the probative value of the INS files outweighed any prejudicial effect they might have on the jury. See Fed.R.Evid. 403: Arambula-Ruiz, 987 F.2d at 604; see also Ramirez-Jiminez, 967 F.2d at 1326 (district court's failure to make an explicit finding under Rule 403 does not matter if "it is clear from the record that the court implicitly made the necessary finding").[2]
 
 III
 Minor Participant
 
 19
 Boateng next contends that the district court erred by failing to find that Boateng was a "minor participant" in the offense and denying his request for a two- or three-level sentence reduction pursuant to U.S.S.G. § 3B1.2. We review the district court's factual determination of whether a defendant is a "minor participant" under the "clearly erroneous standard." United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). It is the burden of the defendant to prove by a preponderance of the evidence that the defendant is a minor participant. United States v. Taren-Palma, 997 F.2d 525, 535 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994).
 
 
 20
 Here, given the numerous telephone calls to Thailand linked to Boateng, his involvement as courier, and the lack of substantiated evidence that others were directing him, the district court's determination that Boateng was not a minor participant was not clearly erroneous. See Rexford, 903 F.2d at 1282; see also United States v. Lui, 941 F.2d 844 (9th Cir.1991).
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the Government contends that the INS files are not subject to Rule 404(b)'s requirements because they are "inextricably intertwined" with the underlying offense. See, e.g., United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir.1995). Because we hold that the files were properly admitted under Rule 404(b), we need not address this contention
 
 
 [2]
 To the extent that Boateng contends that the "Kwabena" file, as opposed to the "Dickson" file, was not necessary and was erroneously admitted as evidence, this contention lacks merit
 First, nothing in the Kwabena file by itself could be characterized as "[e]vidence of other crimes, wrongs, or acts" subjecting it to Rule 404(b)' § requirements. Second, even viewing the file in combination with the Dickson file, which was properly admitted, the two files show Boateng's creation and use of multiple identities. This evidence is relevant in that it supports the Government's position that Boateng attempted to conceal his criminal activities through the use of multiple identities. See, e.g., Ramirez-Jiminez, 967 F.2d at 1327. Finally, even if we were to hold that the Kwabena file was erroneously admitted into evidence, any error was harmless error. See Brown, 880 F.2d at 1016.