[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10968
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00040-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDY LUIS JOSE ESTRELLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 13, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Eddy Estrella challenges his convictions and sentences for two

counts of distributing a detectable amount of oxycodone within 1,000 feet of a

playground ("Counts One and Four"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860 and 18 U.S.C. § 2; (2) one count of carrying a firearm during and in relation to a drug-trafficking crime ("Count Two"), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (3) one count of possession of a firearm by a convicted felon ("Count Three"), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2; (4) one count of conspiracy to commit robbery affecting commerce ("Count Five"), in violation of 18 U.S.C. § 1951(a); (5) one count of robbery affecting commerce ("Count Six"), in violation of 18 U.S.C. §§ 1951(a) and 2; (6) one count of conspiracy to use and carry firearms during and in relation to a crime of violence ("Count Seven"), in violation of 18 U.S.C. §§ 924(o) and 2; (7) one count of using and carrying firearms during and in relation to a crime of violence ("Count Eight"), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i) and 2; and (8) one count of possession of firearms and ammunition by a convicted felon ("Count Ten"), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.  Estrella makes several assertions of error on appeal: (1) whether the district court erred in denying his motion to suppress his post-*Miranda* interview statements; (2) whether the district court abused its discretion in admitting evidence of a prior robbery; (3) whether the district court erred in denying his motion for a judgment of acquittal on Count Two; (4) whether the district court erred in denying his motion for a judgment of acquittal on Counts Five, Six, Seven, and Eight; and (5) whether his total sentence

2

is substantively unreasonable.  Specifically as to his fifth assertion of error, Estrella contends that his 438-month sentence—consisting of (1) a 78-month sentence at the low end of the applicable guideline range for Counts One, Three-Seven, and Ten; (2) a 60-month consecutive sentence for Count Two; and (3) a 300-month consecutive sentence for Count Eight—was unconstitutional under the Eighth Amendment of the United States Constitution because it was disproportionate to his offense and the lesser sentence received by his more culpable codefendant, Miguel Martinez, who pleaded guilty rather than proceeding to trial.  Furthermore, he argues that the five and one-half years he received beyond the 31-year mandatory minimum he faced was substantively unreasonable, for the same reasons discussed in his constitutional argument.

## I.

We apply a mixed standard of review to the district court's order denying a motion to suppress, reviewing fact-findings for clear error and the district court's application of the law to those facts *de novo*.  *United States v. Farley*, 607 F.3d 1294, 1325–26 (11th Cir. 2010).

We review for abuse of discretion the district court's admission of evidence pursuant to Federal Rule of Evidence 404(b).  *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

We review *de novo* the district court's denial of a motion for a judgment of acquittal, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences and credibility choices in favor of the verdict. *United States v. Tampas*, 493 F.3d 1291, 1297–98 (11th Cir. 2007) (internal quotation marks omitted).

We review *de novo* whether a defendant's sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. *United States v. Haile*, 685 F.3d 1211, 1222 (11th Cir. 2012), *cert. denied*, ___ U.S. ___, ___ S. Ct. ___, 81 U.S.L.W. 3348 (Apr. 1, 2013). We employ an abuse of discretion standard when we review the reasonableness of a defendant's final sentence. *Id.* at 1222–23.

## II.

### A. *Miranda claim*

Estrella argues that the district court erred in denying his motion to suppress evidence because Detectives Hicks and Luzarraga interviewed him in the absence of counsel in violation of his constitutional rights. Specifically, he contends that although the detectives advised him of his *Miranda* rights, his waiver of those rights was not knowingly and voluntary because the detectives misled him as to the purpose of the interview. We find no merit to Estrella's assertion of error.

4

The district court found the detectives credible when they testified that the purpose of the interview was to investigate the stolen firearm, not delve into the facts of the robbery of Detective Lebid.  We afford substantial deference to this credibility determination.  *See United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012).  In addition, even if the detectives had deceived Estrella about the purpose of the interview, that deception would not have rendered his *Miranda* waiver invalid.  *See Farley*, 607 F.3d at 1328–30 (rejecting a deception argument because officers did not make any promise that interview would be limited to one topic and nothing indicated that defendant was unsure of his rights or the consequences of abandoning them).  Estrella cannot show that the detectives said anything that interfered with his "ability to understand the nature of his rights and the consequences of abandoning them."  *Id.* at 1330.  Moreover, even if Estrella could establish a constitutional violation, any error in admitting his comments concerning the robbery of Detective Lebid would have been harmless beyond a reasonable doubt in light of the overwhelming evidence of Estrella's guilt.  *See United States v. Gari*, 572 F.3d 1352, 1362 (11th Cir. 2009) (test for determining whether constitutional error is harmless is whether it appears beyond reasonable doubt that error did not contribute to verdict obtained).

B.  *Evidence of prior crime*

Estrella argues that the district court abused its discretion in admitting evidence of a prior robbery because the robbery was not sufficiently similar to the robbery of Detective Lebid, and the victim's out-of-court identification of him as the armed robber in the prior robbery was unreliable. His arguments fail.

Estrella's intent was a key issue in the prior robbery. His sole argument with respect to the robbery was that he lacked any intent to participate in it and that he had merely been present when his co-defendant Martinez attempted to commit the robbery. Thus, the evidence of the robbery was relevant to prove Estrella's intent to rob Detective Lebid and also to establish the nature of his relationship with Martinez. The relevant similarity was not the specific manner in which they had committed the earlier robbery, but that they had committed the earlier robbery together. This indicated a partnership in crime. Thus, it was highly relevant and probative, and the admission of the evidence was not substantially outweighed by the danger of unfair prejudice, especially in light of the district court's instruction to the jury. *See* Fed. R. Evid. 403.

As to Estrella's other contention, the district court correctly found that the out-of-court identification was reliable. First, the showup was not unduly suggestive, and it was reliable under the totality of the circumstances. *See United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001) (setting out the two-step analysis in assessing the constitutionality of a trial court's decision to admit an out-

of-court identification).  The victim testified at the evidentiary hearing that he had clearly seen Estrella during the robbery and recognized him afterwards. Additionally, at the evidentiary hearing and trial, other witnesses identified Estrella as the robber.  Estrella, therefore, has failed to establish that the district court abused its discretion in admitting evidence of the prior robbery.

C.  *Judgment of Acquittal on Count Two*

Estrella asserts that the district court erred in denying his motion for a judgment of acquittal on Count Two because the government did not prove that he carried the Sig Sauer 9-millimeter firearm during and in relation to his first sale of oxycodone to Detective Lebid or that he possessed it in furtherance of that sale. The record belies his claim.  Detective Lebid testified that he saw Estrella with a loaded Sig Sauer 9-millimeter firearm in his front pocket and that the firearm was readily available to Estrella during the entire drug transaction.  Thus, there was sufficient evidence to support Count Two, and the district court did not err in denying Estrella's motion for a judgment of acquittal on that count.

D.  *Judgment of Acquittal on Counts Five, Six, Seven, and Eight*

Estrella claims that the district court erred in denying his motion for a judgment of acquittal on the robbery counts because the evidence was insufficient to prove that his attempted robbery of Detective Lebid had the requisite effect on interstate commerce.  The district court did not err.

7

To convict a defendant for violating the Hobbs Act, the evidence must establish that the defendant committed a robbery that "in any way or degree" obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce. 18 U.S.C. § 1951(a). The language of the statute speaks in broad terms, "manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." *Stirone v. United States*, 361 U.S. 212, 215, 80 S. Ct. 270, 272 (1960). The evidence in this case established at least a minimal effect on interstate commerce. The transaction involved a purchase of firearms and oxycodone and was directly related to interstate commerce. Thus, the evidence was sufficient to support a Hobbs Act violation.

E. *Sentencing issues*

Estrella challenges the district court's imposition of a 438 month sentence. Specifically, he argues that the statutory mandatory consecutive sentence of 25 years' imprisonment imposed on Count Eight pursuant to 18 U.S.C. § 924(c)(1)(C)(i) violates the Eighth Amendment because it is disproportionate to his offenses. He further argues that, in conjunction with this sentence, his within-guidelines-range sentence of 78 months' imprisonment on Counts One, Three, Four, Five, Six, Seven, and Ten resulted in a total sentence that was unreasonable. Estrella is not entitled to relief on his sentencing challenges.

Section 924(c) mandates an additional and consecutive sentence of imprisonment for a defendant who, during and in relation to a crime of violence or drug-trafficking crime, uses, carries, or possesses—if the possession is in furtherance of the underlying crime—a firearm. 18 U.S.C. § 924(c)(1)(A). The default mandatory consecutive sentence, applied in this case, is a term of not less than five years' imprisonment. *Id*. § 924(c)(1)(A)(i). A second or subsequent § 924(c) conviction carries an increased mandatory consecutive sentence, also applied in this case, of not less than 25 years' imprisonment. *Id*. § 924(c)(1)(C)(i). All § 924(c) convictions carry "a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under." *United States v. Gray*, 260 F.3d 1267, 1281 (11th Cir. 2001) (quoting *United States v. Pounds*, 230 F.3d 1317, 1319–20 (11th Cir. 2001)).

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *United States v. Farley*, 607 F.3d at 1341(quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). To determine whether a sentence is grossly disproportionate, a

reviewing court must make an initial comparison between the offense and the sentence. *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). If a reviewing court makes a "threshold determination" of gross disproportionality, it should then compare the defendant's sentence with the sentences received by other offenders for the same crime. *Id.* If a defendant cannot make the "threshold showing of disproportionality," then a reviewing court need not consider the sentences received by other offenders. *United States v. Raad*, 406 F.3d 1322, 1324 n.4 (11th Cir. 2005). In *Harmelin*, a divided opinion, a majority of the Supreme Court agreed that a sentence of life imprisonment without the possibility of parole for the offense of possession of 672 grams of cocaine did not violate the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 961, 996, 111 S. Ct. 2680, 2684, 2702 (1991).

Estrella's total sentence of 438 months' imprisonment does not violate the Eighth Amendment. Estrella's offenses—twice selling drugs within 1,000 feet of a playground, carrying a firearm during a drug-trafficking crime, and using a firearm during an armed robbery—were at least as serious as that of the defendant in *Harmelin*, who was convicted of mere possession. Estrella's sentence was less severe than that received by the defendant in *Harmelin*, and, therefore, necessarily fails to meet the threshold requirement of gross disproportionality.

10

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence has the burden to show it is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1376–78 (11th Cir. 2010).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution for victims. *Id*. § 3553(a)(1), (3)-(7).

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A district

11

court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on any of the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted). The weight to be accorded to any given § 3553(a) factor is a matter "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). We ordinarily expect a sentence within the applicable guideline range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence that falls well below the statutory maximum penalty may also be indicative of reasonableness. *See id.*

For a claim of substantive unreasonableness based on a sentencing disparity among codefendants to succeed, we require that "apples [be] compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (internal quotation marks omitted). Accordingly, a defendant who proceeds to trial is not "similarly situated" to a codefendant who "cooperate[s] with the government and enter[s] a written plea agreement." *Id.* To be similarly situated, codefendants must also have similar backgrounds and criminal histories. *See United States v.*

12

*Jayyousi*, 657 F.3d 1085, 1117–18 (11th Cir. 2011), *cert. denied*, 133 S. Ct. 29 (2012).

Here, we conclude from the record that the district court reasonably imposed a within-guideline sentence after considering the § 3553(a) factors.  Estrella did not show that he was "similarly situated" to his codefendant Martinez, who pleaded guilty rather than proceed to trial.  Moreover, Estrella faced a statutory maximum sentence of life for Counts Two and Eight.  His sentence, therefore, was well below his overall sentencing exposure, further indicating its reasonableness.

F.  *Clerical error*

"We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

Estrella's final written judgment reflects that his conviction under Count Two was for brandishing a firearm during and in relation to a drug-trafficking crime, in violation of § 924(c)(1)(A)(ii), when he was actually convicted only of carrying a firearm during and in relation to a drug-trafficking crime, in violation of § 924(c)(1)(A)(i).

Accordingly, this case is remanded to the district court with instructions to amend the judgment to correct the clerical error with respect to Count Two.

IV.

We find no merit to any of Estrella's challenges to his convictions and sentences. Accordingly, we affirm the convictions and sentences; however, we remand for a limited correction in the judgment.

**AFFIRMED IN PART, REMANDED IN PART.**