Kennedy, J.,
dissenting.
{¶ 54} Respectfully, I dissent.

*414
Introduction

{¶ 55} I agree with the state insofar as I categorically reject the majority’s position that Ohio law is consistent in the test that is applied to determine whether improperly admitted other-acts evidence is harmless error. I further reject the majority’s attempt to disavow our precedent that distinguishes between constitutional and nonconstitutional harmless error while in effect adopting the constitutional, “beyond a reasonable doubt” harmless-error test as the second prong of its test for erroneously admitted other-act evidence. In my view, this wrongly elevates the improper admission of other-acts evidence to the level of an error of constitutional import. I would hold that the improper admission of other-acts evidence involves a nonconstitutional error, and in order to settle Ohio law, I would adopt the federal circuit courts’ nonconstitutional harmless-error test originally set forth in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), which provides that “without stripping the erroneous action from the whole,” an error is harmless if the outcome was “not substantially swayed by the error.” Id. at 765. I would further hold that making this determination requires a case-by-case inquiry of the centrality of the evidence, limiting instructions, and other relevant factors set forth below.

Ohio Law Is Inconsistent

{¶ 56} The majority finds no inconsistency in Ohio law regarding the harmless-error analysis of improperly admitted other-acts evidence. I disagree.
{¶ 57} This court has applied the constitutional harmless-error standard of review in some cases. E.g., State v. Lytle, 48 Ohio St.2d 391, 404, 358 N.E.2d 623 (1976) (the court held that there was “no reasonable possibility that the improperly-admitted ‘other act’ testimony contributed to the appellant’s conviction, and * * * that the error committed was harmless beyond a reasonable doubt”), vacated in part on other grounds, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978); State v. Gumm, 73 Ohio St.3d 413, 425-426, 653 N.E.2d 253 (1995) (the court was convinced beyond a reasonable doubt that the defendant would have been convicted even without the improperly admitted evidence).
{¶ 58} But in other cases, this court has applied the nonconstitutional “substantial other evidence” harmless-error standard of review as set out in State v. Webb, 70 Ohio St.3d 325, 638 N.E.2d 1023 (1994). E.g., State v. Getsy, 84 Ohio St.3d 180, 192-193, 702 N.E.2d 866 (1998) (other-acts evidence was improperly admitted, but the error was harmless because the “evidence against Getsy was substantial”); and State v. Brown, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 25 (testimony that Brown was in a gang was improperly admitted, but the error was harmless “given the substantial evidence of [Brown’s] guilt”).
*415 {¶ 59} Many Ohio appellate districts apply a constitutional harmless-error standard of review in determining whether improperly admitted other-acts evidence is harmless. E.g., State v. Williams, 1st Dist. Hamilton Nos. C-060631 and C-060668, 2007-Ohio-5577, 2007 WL 3036611, ¶ 38, 39; State v. Dotson, 2d Dist. Clark No. Civ.A.2003 CA 34, 2004-Ohio-6875, 2004 WL 2914967, ¶ 17; State v. Elliott, 91 Ohio App.3d 763, 771, 633 N.E.2d 1144 (3d Dist.1993); State v. Davis, 7th Dist. Mahoning No. 08 MA 236, 2011-Ohio-292, 2011 WL 303215, ¶ 67; State v. Watson, 9th Dist. Summit No. 25915, 2012-Ohio-1624, 2012 WL 1245520, ¶ 22; State v. Jackson, 10th Dist. Franklin No. 02AP-867, 2003-Ohio-6183, 2003 WL 22725287, ¶ 32; State v. Foster, 11th Dist. Portage No. 2004-P-0104, 2005-Ohio-5281, 2005 WL 2416545, ¶ 59; State v. Perkins, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, 2005 WL 3359153, ¶ 11. However, at least two districts currently apply the nonconstitutional substantial-other-evidence harmless-error standard of review set out in Webb. State v. Murphy, 4th Dist. Scioto No. 09CA3311, 2010-Ohio-5031, 2010 WL 4027745, ¶ 80; and State v. Ceron, 8th Dist. Cuyahoga No. 99388, 2013-Ohio-5241, 2013 WL 6221103, ¶ 97.
{¶ 60} Therefore, contrary to the majority opinion, I agree with the state and believe that Ohio law is inconsistent in its harmless-error review of improperly admitted other-acts evidence and that this inconsistency must be rectified.

The Law Recognizes a Distinction Between Constitutional and Nonconstitutional Harmless Error

{¶ 61} In reaching its determination, the majority ignores the distinction between constitutional and nonconstitutional harmless error on the basis that the language in Crim.R. 52 fails to expressly recognize the distinction. Crim.R. 52(A) does state that “[a]ny error * * * which does not affect substantial rights shall be disregarded.” However, well-settled case law recognizes a distinction between constitutional and nonconstitutional errors when employing the harmless-error analysis. The distinction is important because it imposes different standards of review depending upon the nature of the error involved.
A constitutional error is harmless if it appears “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). By contrast, the standard for nonconstitutional error, as set forth in Kotteakos v. United States, provides that such an error is harmless if it did not have a “substantial and injurious effect or influence in determining the jury’s verdict.” 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).
*416 (Citations omitted.) United States v. Powell, 334 F.3d 42, 45 (D.C.Cir.2003).
{¶ 62} This court has also recognized the distinction between constitutional and nonconstitutional harmless errors in Ohio. See State v. Powell, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 63, 64. Accordingly, the majority improperly disregards this well-settled distinction in its analysis.
{¶ 63} Moreover, the determination of the majority that Crim.R. 52 fails to expressly distinguish constitutional and nonconstitutional harmless error raises the question whether the majority is disavowing this distinction in all harmless-error cases, only in harmless-error cases involving other-act evidence, or in just this case.

The Majority Adopts the Constitutional Harmless-Error Analysis

{¶ 64} In determining whether improperly admitted other-acts evidence is harmless, the majority holds that “an appellate court must consider both the impact of the offending evidence on the verdict and the strength of the remaining evidence after the tainted evidence is removed from the record.” Majority opinion at syllabus. According to the majority, courts must first ask: Is the evidence prejudicial? If it is, then the reviewing court must determine, improperly admitted other-acts evidence aside, whether it is convinced beyond a reasonable doubt that there is overwhelming evidence against the defendant. Despite purportedly rejecting the constitutional/nonconstitutional distinction, the majority has nevertheless apparently adopted the constitutional harmless-error standard of review. See United States v. Estrella, 518 Fed.Appx. 822, 825 (11th Cir.2013) (“Moreover, even if Estrella could establish a constitutional violation, any error in admitting his comments concerning the robbery of Detective Lebid would have been harmless beyond a reasonable doubt in light of the overwhelming evidence of Estrella’s guilt”).

Improperly Admitted Other-Acts Evidence Is Nonconstitutional Error

{¶ 65} I believe that the majority’s holding has erroneously elevated the improper admission of other-acts evidence to the status of constitutional error for purposes of harmless-error determination. Although courts recognize that improper admission of other-acts evidence may result in a violation of the defendant’s constitutional right to a fair trial, the error in the admission of the evidence originates from a violation of Evid.R. 404(B). See generally State v. Wegmann, 3d Dist. Allen No. 1-06-98, 2008-Ohio-622, ¶ 42. Therefore, the violation of a rule, including Evid.R. 404, implicates a nonconstitutional harmless-error analysis. See Murphy v. Dewine, S.D.Ohio No. 1:1-cv-581, 2012 WL 2357391 (June 19, 2012); United States v. Moncayo, 440 Fed.Appx. 647, 656 (10th Cir.2011); and United States v. Boateng, 81 F.3d 170 (unpublished opinion) text at 1996 WL *417 155154, *1 (9th Cir.1996). Because the error herein originates from a violation of Evid.R. 404(B), I agree with the state’s proposition of law that the nonconstitu-tional harmless-error standard of review applies, contrary to the majority’s holding.
{¶ 66} However, I believe that the nonconstitutional harmless-error test set out in Webb is inadequate to address whether improperly admitted other-acts evidence is harmless. Under Webb, an error is harmless if there is substantial other evidence to support the verdict. Therefore, under Webb, a court would not inquire as to whether improperly admitted other-acts evidence affected the outcome of the case, and yet precluding a jury from considering whether a defendant acted in conformity with a prior bad act is precisely the purpose of excluding evidence under Evid.R. 404(B). State v. Nichols, 10th Dist. Franklin No. 97APA09-1162, 1998 WL 226430, *3 (May 5, 1998) (the risk of other-acts evidence is that the jury will use it to “infer character and conformity therewith”). Therefore, instead of relying on Webb, I would look to the federal nonconstitutional harmless-error standard of review as set out in Kotteakos, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. See United States v. Lane, 474 U.S. 438, 446, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), fn. 9 (recognizing that Kotteakos sets out the harmless-error “standard for nonconstitutional errors”).
{¶ 67} In Kotteakos, the issue was “whether [defendants] * * * suffered substantial prejudice from being convicted of a single general conspiracy by evidence which * * * proved not one conspiracy but some eight or more different ones of the same sort executed through a common key figure.” Id. at 752. In determining whether the error was harmless, the court in Kotteakos stated that “[t]he crucial thing is the impact of the thing done wrong on the minds of [the jury] * * * in the total setting.” Id. at 764. The Court elaborated:
[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
Id. at 765.
{¶ 68} Unlike Webb, which holds that an error is harmless if there is substantial other evidence to support the verdict, Kotteakos requires courts to consider *418 the effect of the error on the outcome of the trial within the context of. the entire record.
{¶ 69} The First, Fourth, Sixth, Seventh, and Tenth Federal Circuit Courts of Appeals, as well as the Court of Appeals for the District of Columbia, have adopted the Kotteakos nonconstitutional harmless-error standard of review for the purpose of determining whether improperly admitted other-acts evidence is harmless. United States v. Garcia-Rosa, 876 F.2d 209, 222 (1st Cir.1989), vacated on other grounds sub nom. Rivera-Feliciano v. United States, 498 U.S. 954, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990); United States v. Byers, 649 F.3d 197, 211 (4th Cir.2011); United States v. Corsmeier, 617 F.3d 417, 422 (6th Cir.2010), fn. 3; United States v. Hill, 898 F.2d 72, 75-76 (7th Cir.1990); United States v. Starr, 276 Fed.Appx. 761, 765 (10th Cir.2008); and United States v. Linares, 367 F.3d 941, 952 (D.C.Cir.2004).
{¶ 70} Consistent with these federal circuits, I would adopt the nonconstitutional harmless-error standard of review set forth in Kotteakos, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, for the purpose of determining whether improperly admitted other-acts evidence is harmless error under Crim.R. 52(A).
{¶ 71} While Kotteakos supplies the proper harmless-error standard of review, it does not instruct courts on what to consider in determining whether an error is harmless or not, but some federal circuits have weighed in on that question. In United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir.1993), the court stated:
There is no bright-line rule for divining when particular errors that result in a jury’s exposure to improper evidence are (or are not) harmless. Rather, a harmlessness determination demands a panoramic, case-specific inquiry considering, among other things, the centrality of the tainted material, its uniqueness, its prejudicial impact, the uses to which it was put during the trial, the relative strengths of the parties’ cases, and any telltales that furnish clues to the likelihood that the error affected the factfinder’s resolution of a material issue.
{¶ 72} And in United States v. Reagan, the Fifth Circuit Court of Appeals stated that a court’s “issuance of a limiting instruction ‘greatly minimize[s]’ the risk of undue prejudice posed by an erroneous admission under Rule 404(b).” 725 F.3d 471, 490 (5th Cir.2013), quoting United States v. Crawley, 533 F.3d 349, 355 (5th Cir.2008).
{¶ 73} Therefore, I would hold that improper admission of other-acts evidence is harmless error under Crim.R. 52(A) if a “court can say, with fair assurance, after pondering all that happened without stripping the erroneous action from the *419 whole, that the judgment was not substantially swayed by the error.” Kotteakos, 328 U.S. at 765, 66 S.Ct. 1239, 90 L.Ed. 1557. And I would hold that applying this test “demands a panoramic, case-specific inquiry considering, among other things, the centrality of the tainted material, its uniqueness, its prejudicial impact, the uses to which it was put during the trial, the relative strengths of the parties’ cases, * * * any telltales that furnish clues to the likelihood that the error affected the factfinder’s resolution of a material issue,” and any limiting instructions pertaining to other-acts evidence. Sepulveda, 15 F.3d at 1182.
Dean Holman, Medina County Prosecuting Attorney, and Matthew A. Kern, Assistant Prosecuting Attorney, for appellant.
David C. Sheldon, for appellee.
Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, urging reversal for amicus curiae Cuyahoga County Prosecuting Attorney’s Office.
John Murphy; and Joseph T. Deters, Hamilton County Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.
{¶ 74} I would remand this case to the court of appeals to apply this test to the evidence in this case.
{¶ 75} Therefore, I respectfully dissent.
FRENCH, J., concurs.