[Cite as *State v. Jackson*, 2018-Ohio-4289.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| GERALD F. JACKSON, JR., | : | |
| Defendant-Appellant. | : | RELEASED 10/17/2018 |

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hoover, P.J.

{¶1}    Defendant-appellant, Gerald F. Jackson, Jr. ("Jackson"), appeals from his burglary conviction entered in the Highland County Common Pleas Court following a jury trial. On appeal, Jackson contends that his conviction is not supported by sufficient evidence. He also contends that the trial court erred when it failed to instruct the jury on the lesser-included offense of criminal trespass. After a careful review of the record, we conclude that both of Jackson's assignments of error are without merit. Accordingly, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶2}    A Highland County Grand Jury indicted Jackson for one count of burglary[1], a fourth degree felony, in violation of R.C. 2911.12(B). Jackson was arraigned on the charge in

_____

[1] While the indictment identifies the offense as "burglary", we note that "[w]hoever violates division (B) of [R.C. 2911.12] is guilty of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree." R.C. 2911.12(E).

January 2018, and in the absence of counsel, the trial court entered a not guilty plea on Jackson's behalf. The trial court also appointed counsel to represent Jackson.

{¶3}    Jackson's case proceeded to jury trial on March 1, 2018. The following facts are adduced from Jackson's trial.

{¶4}    On December 10, 2017, Pertrea Morrison ("Pertrea") was living with her aunt, uncle, and her two young children at a residence in Greenfield, Highland County, Ohio. Pertrea testified that she had been hanging out with one of her friends and returned to the residence on that date at about 1:15 am. Pertrea testified that as she shut the door, Jackson pushed his way into the home. Pertrea testified that Jackson was not invited in, did not knock, and did not ask to come in; but rather pushed the door open and entered while she attempted to push him out. Pertrea told Jackson to get out of the residence; but he refused to leave, and actually continued further into the residence. Pertrea testified that she did not know who Jackson was before the incident. During the incident, Pertrea called J.R. Munyon, her boyfriend, and asked him to come over. She also asked Munyon to call 911.

{¶5}    The commotion from the incident caused Pertrea's aunt, Jeannie Morrison ("Jeannie"), to rush from her bedroom to the kitchen. Jeannie testified that she saw Jackson in her home and that she yelled at him to get out of the home. Jeannie testified that Jackson continued to push his way into the home so she went and got her husband, Ira Morrison ("Ira"). As Ira came to the kitchen to confront Jackson, Jeannie took Pertrea's young children to the back bedroom and locked the children and herself in the bedroom. Jeannie testified that prior to the incident she did not know Jackson; and she did not give him permission to enter her home.

{¶6}    Ira testified that when he arrived to the kitchen, he stopped Jackson from getting any further into the home, and told him several times to leave; but Jackson refused to leave. Ira

testified that he had spoken to Jackson on three occasions prior to the incident, about fixing a car; but he did not know his name; and he did not give him permission to be in his home. Shortly after Ira's confrontation with Jackson, Munyon arrived to the home and attempted to physically remove Jackson from the home. Within five minutes of Munyon's arrival, Sgt. Gary Schraw of the Greenfield Police Department arrived at the home and found Jackson in the kitchen with Ira and Munyon. Sgt. Schraw then placed Jackson under arrest and escorted him to his patrol car. Sgt. Schraw testified that he placed Jackson in the backseat of his patrol car and took a statement from Jeannie, but had to leave without getting written statements from the other occupants because Jackson was kicking the windows of his patrol car. Pertrea admitted that she had left the residence by the time Sgt. Schraw had arrived, because at the time, she was trying to avoid law enforcement.

{¶7}    Upon the completion of the presentation of evidence, closing arguments, and final instructions, the jury returned a guilty verdict. The trial court proceeded to sentence Jackson to a prison term of 15 months to be served consecutively to a prison sentence he received for violation of post-release control. Jackson appealed following entry of his sentence.

## II. Assignments of Error

{¶8}    Jackson assigns the following errors for our review:

First Assignment of Error:

THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

Second Assignment of Error:

THE COURT ERRED IN NOT CHARGING E (sic) JURY WITH A LESSER INCLUDED OFFENSE.

## III. Law and Analysis

### A. The Conviction is Supported By Sufficient Evidence

{¶9}    In his first assignment of error, Jackson contends that his conviction is not supported by sufficient evidence. Specifically, Jackson argues that Pertrea is not a credible witness, and without her testimony, no evidence exists that he used force to enter the residence.

{¶10}   Whether a conviction is supported by sufficient evidence is a question of law that we review de novo. *State v. Allah*, 4th Dist. Gallia No. 14CA12, 2015–Ohio–5060, ¶ 8. In making this determination, we must determine whether the evidence adduced at the trial, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Davis,* 4th Dist. Ross No. 12CA3336, 2013–Ohio–1504, ¶ 12. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *Id.,* citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶11}   Jackson was convicted of a violation of R.C. 2911.12(B), which states: "No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶12}   Jackson contends that his conviction under R.C. 2911.12(B) is based on insufficient evidence because Pertrea, the only witness who testified that he used force to enter the residence, "is inherently not credible" and the jury should not have believed her testimony. He argues that if her testimony is discounted, the jury could not have found the element of force beyond a reasonable doubt. "Questions of witness credibility are irrelevant to the issue of

whether there is sufficient evidence to support a conviction, however." *State v. Ruark*, 10th Dist. Franklin No. 10AP-50, 2011-Ohio-2225, ¶ 21, citing *State v. Preston-Glenn*, 10th Dist. Franklin No. 09AP-92, 2009-Ohio-6771, ¶ 38. " 'In determining whether a conviction is based on sufficient evidence, we do not address whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.' " *Id.*, quoting *State v. Smith*, 10th Dist. Franklin No. 08AP-736, 2009-Ohio-2166, ¶ 26. *See also State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶13} Pertrea's testimony, if believed, is sufficient to support Jackson's conviction under R.C. 2911.12(B). Pertrea testified that Jackson pushed his way into the house as she was attempting to close the door.

> [PROSECUTOR:] Did something that happened that caused [sic] you alarm as you came into the house?
>
> [PERTREA:] Yes. I turned around to shut my door and, uh, uh, a guy was trying to push in, and he actually got into our house.
>
> [PROSECUTOR:] So how did he get into the house?
>
> [PERTREA:] He pushed his way in.
>
> [PROSECUTOR:] He pushed the door?
>
> [PERTREA:] Yes.
>
> [PROSECUTOR:] Did he knock first?
>
> [PERTREA:] No.

[PROSECUTOR:] Did you invite him in?

[PERTREA:] No.

[PROSECUTOR:] Did he ask to come in?

[PERTREA:] No.

[PROSECUTOR:] Did you try to keep him from entering the house?

[PERTREA:] Yes, I did.

[PROSECUTOR:] What did you do to try to keep him …

[PERTREA:] I kept trying to push the door shut, to lock it, and he pushed his way in.

Based on this evidence, a jury could reasonably conclude that Jackson used force to trespass into the home. *See In re A.C.D.*, 12th Dist. Warren No. CA2014-06-085, 2015-Ohio-232, ¶ 12 ("[A]ny force effecting entrance, however slight, constitutes the force required to satisfy the element.") Thus, Jackson's conviction is supported by sufficient evidence, and his first assignment of error is overruled.

## B. The Trial Court Did Not Commit Plain Error By Failing to Give A Lesser-Included Offense Jury Instruction

{¶14}   In his second assignment of error, Jackson contends that the trial court erred by failing to give a lesser-included offense jury instruction. Specifically, Jackson argues that the trial court should have given an instruction on the lesser-included offense of criminal trespass

under R.C. 2911.21. Jackson asserts that he was entitled to the instruction due to the State's failure to prove that he used force, stealth, or deception to trespass into the residence.

{¶15} As an initial matter we note that Jackson did not request the lesser-included offense jury instruction at trial. Thus, the plain error standard of review is appropriate. *State v. Wilson*, 4th Dist. Lawrence No. 16CA12, 2018-Ohio-2700, ¶ 44; Crim.R. 52(B). For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "[T]he burden of demonstrating plain error is on the party asserting it." *State v. Davis,* 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 21, ¶ 378. "We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013–Ohio–4810, ¶ 49.

{¶16} Determining whether a lesser-included offense instruction is warranted involves a two-part test. *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6. First, a trial court must determine if the requested charge is a lesser-included offense of the charged crime. *Id.; State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). Second, the court must consider the evidence and give an instruction on a lesser-included offense "if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 34. *Accord Wilson* at ¶ 47.

{¶17} However, "[t]he mere fact that an offense can be a lesser-included offense of another offense does not mean that a court must instruct on both offenses where the greater

offense is charged." *Wine* at ¶ 22. Instead, "the quality of the evidence offered * * * determines whether a lesser-included-offense charge should be given to a jury." *Id.* at ¶ 26. A lesser-included offense instruction requires more than "some evidence" that a defendant may have acted in such a way as to satisfy the elements of the lesser offense. *State v. Shane*, 63 Ohio St.3d 630, 633, 590 N.E.2d 272 (1992). "To require an instruction * * * every time 'some evidence,' however minute, is presented going to a lesser included (or inferior-degree) offense would mean that no trial judge could ever refuse to give an instruction on a lesser included (or inferior-degree) offense." *Id.* Furthermore, a court must not allow a jury to consider " 'compromise offenses which could not possibly be sustained by the adduced facts.' " *Wine* at ¶ 22, quoting *State v. Wilkins*, 64 Ohio St.2d 382, 387, 415 N.E.2d 303 (1980). *Accord Wilson* at ¶ 48.

{¶18}  When a court reviews the quality of the evidence offered, the court must consider "[t]he whole of the state's case." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 141, citing *State v. Goodwin*, 84 Ohio St.3d 331, 345, 703 N.E.2d 1251 (1999). "An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." *State v. Carter,* 89 Ohio St.3d 593, 600, 734 N.E.2d 345 (2000); *State v. Fouts*, 4th Dist. Washington No. 15CA25, 2016-Ohio-1104, ¶¶ 76-77. *Accord Wilson* at ¶ 49.

{¶19}  Criminal trespass, R.C. 2911.21, is a lesser-included offense of burglary/trespass in a habitation, R.C. 2911.12(B). *State v. Stringer*, 9th Dist. Medina No. 04CA0032-M, 2004-Ohio-6543, ¶ 44. Thus, we need only determine whether the trial court erred in failing to give the instruction in this particular case, not whether criminal trespass is a lesser-included offense of burglary/trespass in a habitation.

{¶20}   In the case sub judice, the evidence presented at the trial does not reasonably support an acquittal of the count of burglary/trespass in a habitation. Rather, the uncontroverted evidence presented at trial clearly established that Jackson forced his way into the residence while Pertrea, Jeannie, Ira, and the two young children were present. Specifically, Pertrea testified that Jackson pushed the door open and entered the residence, despite her attempt to close the door. Further, Pertrea, Jeannie, and Ira all testified that they ordered Jackson to leave the residence; but Jackson refused to leave. Pertrea, Jeannie, and Ira also all testified that Jackson did not have permission to enter the residence or remain in the residence.

{¶21}   Based on the foregoing, we cannot say that the evidence presented at trial would reasonably support both an acquittal on the charge of burglary/trespass in a habitation and a conviction upon the lesser-included offense of criminal trespass. Accordingly, Jackson's second assignment of error is overruled.

## IV. Conclusion

{¶22}   Having overruled both of Jackson's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


By: _____
        Marie Hoover, Presiding Judge




### NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**