[Cite as *State v. Cranford*, 2019-Ohio-91.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO, :
: Case No. 17CA39
    Plaintiff-Appellee, :
:
    vs. : <u>DECISION AND JUDGMENT</u>
: <u>ENTRY</u>
EDWARD CRANFORD :
:
    Defendant-Appellant. : **Released: 01/08/19**
_____
APPEARANCES:

Timothy P. Young, Ohio State Public Defender, and Stephen P. Hardwick, Assistant Ohio State Public Defender, Columbus, Ohio, for Appellant.

Lisa A. Eliason, Athens City Law Director, and Jessica L. Branner, Athens City Prosecutor, Athens, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Edward Cranford appeals the October 26, 2017 judgment entry of the Athens Municipal Court. A jury found Appellant guilty of violations of R.C. 4511.19(A)(1)(a), driving while under the influence of alcohol or drugs, a misdemeanor of the first degree; R.C. 4511.19(A)(2), refusing to submit to a chemical test while under arrest for a charge of operating a vehicle while under the influence of alcohol or drugs, also a misdemeanor of the first degree; and failure to yield, Athens City Ordinance 704.27, a minor misdemeanor. On appeal, Appellant asserts that the evidence was

insufficient to convict him of refusing to submit to a chemical test because the State did not prove that he had a prior conviction for operating a vehicle while intoxicated. Based upon our review of the record, we find no merit to Appellant's sole assignment of error. Accordingly, we affirm the judgment of the trial court.

## FACTS

{¶2} On June 24, 2017, in the City of Athens, Edward Cranford, Appellant, was involved in a motor vehicle collision with another vehicle operated by Linda Gilden. Ms. Gilden sustained property damage and physical injuries. Investigating officers who arrived at the scene smelled alcohol on Appellant's breath and requested he submit to standardized field sobriety tests. Appellant refused all tests, including a chemical breath test.

{¶3} Appellant was arrested and charged with driving while under the influence, R.C. 4511.19(A)(1)(a); refusing to submit to a chemical test, R.C. 4511.19(A)(2); and failure to yield, Athens City Ordinance 704.27. Appellant proceeded to a jury trial which occurred on October 26, 2017. At trial, the State introduced a certified copy of a prior driving under the influence conviction which occurred in 2009, as State's Exhibit F. Exhibit F was a one-page, time-stamped journal entry signed by a judge, indicating

Appellant had been found guilty of R.C. 4511.19(A)(1)(a). The journal entry did not set forth Appellant's sentence for the prior conviction.

{¶4} At the trial, defense counsel made a generalized Crim.R. 29 motion for acquittal. The trial court denied the motion. Appellant was convicted of all charges. Appellant was sentenced to a 180-day jail sentence, a $1,625.00 fine, two years of probation, and a two-year license suspension. Portions of Appellant's jail sentence and fine were suspended on the condition that he complete the court's alcohol intervention program.[1]

{¶5} This timely appeal followed. The trial court granted Appellant a stay of execution of sentence pending the outcome of this appeal. Where necessary, additional pertinent facts are set forth below.

## ASSIGNMENT OF ERROR

I.  THE EVIDENCE WAS INSUFFICIENT TO CONIVCT MR. CRANFORD OF REFUSING TO SUBMIT TO A CHEMICAL TEST BECAUSE THE STATE DID NOT PROVE THAT HE HAD A PRIOR CONVICTION FOR OPERATING A VEHICLE WHILE INTOXICATED.

## STANDARD OF REVIEW

{¶6} Whether a conviction is supported by sufficient evidence is a question of law that we review de novo. *State v Jackson,* 4th Dist. Highland No 18CA7, 2018-Ohio-4289, at ¶ 10, *State v. Allah,* 4th Dist. Gallia No.

---

[1] For purposes of sentencing, the trial court merged Appellant's convictions for R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2).

14CA12, 2015–Ohio–5060, ¶ 8. In making this determination, we must determine whether the evidence adduced at the trial, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Davis*, 4th Dist. Ross No. 12CA3336, 2013–Ohio–1504, ¶ 12. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *Id.,* citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979).[2]

## LEGAL ANALYSIS

**{¶7}** Appellant was convicted of R.C. 4511.19(A)(1)(a), which provides that "No person shall operate any vehicle, * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.19(A)(2) contains three elements: (1) an OVI/DUI conviction within 20 years of the current violation, (2) operation of a vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current OVI. *State v. Leasure*, 2015-Ohio-5327, 43 N.E. 3d

---

[2] A motion for acquittal is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. Ohio Crim.R. 29(A). *See State v. Wolfe,* 2017-Ohio-6876, 83 N.E.3d 956, (4th Dist.) at ¶ 12. Appellant's counsel made a generalized Crim.R. 29 motion for acquittal at the close of the State's evidence. The motion was denied. Here, Appellant does not discuss his motion or frame his argument as a challenge to the denial of his motion. Rather, Appellant frames his argument as a straightforward challenge to the sufficiency of the evidence.

477 (4th Dist.) at ¶ 19; *State v. Hoover,* 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, at ¶ 13. "[T]he activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle under the influence of drugs or alcohol", and a suspect's "refusal to take a chemical test is simply an additional element that must be proven beyond a reasonable doubt along with the person's previous * * * [OVI] conviction to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a)." *Id.*

{¶8} Where the existence of a prior offense is an element of a subsequent crime, the State must prove the prior conviction beyond a reasonable doubt. The trier of fact must find that the previous conviction has been established in order to find the defendant guilty of the second offense. *Leasure* at ¶ 35, citing *State v. Day*, 99 Ohio App.3d 514, 517, 651 N.E.2d 52 (12th Dist.1994). "The state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense. *Id.*

{¶9} In this case, Appellant contends that because Exhibit F, the journal entry of his prior conviction, does not contain his sentence, as required by Crim.R. 32(C), the State did not prove that he had a prior conviction for operating a motor vehicle while under the influence of alcohol or drugs. Under Crim.R. 32(C), a final entry of conviction must contain (1)

the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *See also State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at paragraph one of the syllabus.  As a result, Appellant argues the evidence was insufficient to convict him for refusing to submit to a chemical test, R.C. 4511.19(A)(2).

{¶10} In *Parma v. Benedict*, 8th Dist. Cuyahoga No. 101480, 2015-Ohio-3340, Benedict argued that the trial court erred when it admitted a defective certified copy of the journal entry from his prior OVI conviction. Specifically, Benedict contended that the journal entry was defective because it was not signed by a judge in compliance with Crim.R. 32(C).  The *Bendict* court looked to *State v. Gwen,* 134 Ohio St.3d 284, 2012–Ohio–5046, 982 N.E.2d 626, paragraph one of the syllabus, wherein the Ohio Supreme Court held that a judgment entry of conviction under R.C. 2945.75(B)(1) is one method of establishing a prior conviction. *Id.* at 16.  If the state opts to provide a judgment of conviction under R.C. 2945.75(B)(1), the entry is required to conform to Crim.R. 32(C). *Id.*  In Appellant's case, the parties have conceded that the journal entry of his prior conviction is defective in that Appellant's sentence is not set forth in the entry, Exhibit F.

{¶11} In *Benedict,* the appellate court found the certified copy of the journal entry admitted into evidence at trial was clearly defective. The only endorsement on the journal entry was by a deputy clerk of the city of Parma Clerk of Courts, not a judge. The appellate court agreed with Benedict that the journal entry was defective for failing to comply with the requirements of Crim.R. 32(C), and the trial court erred by admitting the document into evidence.

{¶12} The *Benedict* court observed that the analysis did not end with acknowledgment of the defective entry. "A judgment entry of conviction is not the only method by which the City may establish a prior conviction. The Supreme Court of Ohio also acknowledged that prior convictions may be established through other means, such as by stipulation and admission." *Id.* at ¶ 18, quoting *Gwen* at ¶ 12, 14, 982 N.E.2d 626.

{¶13} Benedict admitted on his booking video that he had a prior conviction. The video was played in open court for the jury without objection. On the video, Benedict's statements confirmed the conviction reflected in the certified copy of the journal entry. Thus, Benedict's admission that he had a prior conviction for driving while under the influence of alcohol or drugs was sufficient to render the prior conviction established.

{¶14} The *Benedict* court held that under this circumstance, the trial court's admission of the defective entry was harmless error. Crim.R. 52(A). In overruling Benedict's assignment of error, the court held:

> "Benedict's statement that he had a prior OVI conviction from December 2011 at the time he refused to take the breath test was properly admitted under Evid.R. 801(D)(2)(a) as an admission by a party opponent. Moreover, in light of his admission, Benedict cannot show that the outcome of his case would have been different but for the entry of the defective journal entry into evidence. While we agree with Benedict that the trial court erred in admitting the defective journal entry, Benedict's admission was sufficient to allow jurors to conclude beyond a reasonable doubt that he had a prior OVI conviction."

{¶15} Here, Appellant did not admit to any prior conviction at trial. The only testimony relating to this issue was provided by Athens Police Officer Justin Boggs, as follows:

> Q:     All right.  And what were the OVI, um, sections that you cited him under?
>
> A:     Uh, it would have been the AIA section and, um, the A2 section, I believe.  Because he had a prior offense.
>
> Q:     Okay.  And explain the A2 section to us.
>
> A:     Well, depending on how many, OVI is an offense that, depending on how many you get over a set amount of time, if you get, I believe it's four within twenty, it eventually becomes a felony.  So, when you have multiple convictions on your record, it keeps getting bumped up.
>
> Q:     Okay. Did you, were you able to determine that Mr. Cranford had a prior, a prior offense in the last ten years?

A:      Yes.

\*\*\*

Q:      I'm going to hand you what's been marked as State's Exhibit F.  Will you take a look at that for me and tell me what that is?

A:      Uh, this was a jury find, trial finding him guilty of OVI and failure to control.\* \* \*It was filed in 2009.

Q:      All right.  So how did you know that the Edward Cranford that you arrested that day was the same Edward Cranford that had a prior conviction in two thousand nine?

A:      When we run their driver's license, it'll come back on the driving record.

Q:      All right.  So you were able to verify through, did you use personal identifiers?  Like social security number…

A:      Yeah.

Q:      … or birthdate?

A:      Yeah.  Through LEADS.  Which is the Law Enforcement, uh, Automated Database.

Q:      Did you also check it with his picture?

A:      yes.

Q:      …to see if the same person whose driving record said there was a prior conviction was the same person that you had now arrested?

A:      Yeah.

{¶16} In *State v. Harris,* 2017-Ohio-5594, 92 N.E.3d 1283 (1st Dist.), the defendant was convicted of R.C. 4511.19(A)(2), refusing to submit to a chemical test while under arrest for an R.C. 4511.19(A)(1)(a) violation. On appeal, Harris raised three assignments of error. Pertinent to this appeal, Harris argued that the trial court erred in denying his Crim.R. 29(C) post-verdict motion for judgment of acquittal. Harris maintained that the State failed to present "any" evidence to establish that Harris had had a prior OVI conviction within 20 years—an element of the offense of driving under the influence of alcohol as charged under R.C. 4511.19(A)(2). Because Harris's Crim.R. 29(C) motion did not set forth the same grounds for dismissal, post-trial, as he made on appeal, Harris's arguments were reviewed under a "plain error" standard.

{¶17} Harris argued that while the State moved to admit a certified copy of a 2015 judgment entry from Clermont County convicting Harris of an OVI offense into evidence as an exhibit, it nonetheless failed to present evidence sufficient to identify the person named in that entry was, in fact, Harris—the alleged offender at trial. *See* R.C. 2945.75(B)(1). Harris did not claim that the Clermont County document was not a judgment entry as defined in Crim.R. 32(C). Rather he maintained that the State did not have

"any witness testify about that entry or identify [Harris] as the same Mason

Angilo Harris, Jr." convicted in Clermont County.

{¶18} The *Harris* court found this argument to be "disingenuous at

best" in light of Harris's in-court stipulation to the prior conviction and his

other actions at trial.  The *Harris* court pointed out that immediately before

the opening statements and outside the presence of the jury, Harris' defense

counsel, the assistant prosecuting attorney, and the trial court discussed the

admission into evidence of Harris' prior OVI conviction as reflected by the

Clermont County judgment entry.

{¶19} During the pretrial discussion, Harris and his counsel remained

silent and did not challenge the stipulation.  The jury was then brought into

the courtroom and the trial began with opening statements.  Agreements,

waivers, and stipulations made by a defendant, or by his counsel in his

presence, in open court are binding and enforceable. *Id.* at 37. *See State v.*

*Post,* 32 Ohio St.3d 380, 393, 513 N.E.2d 754 (1987), citing *State v.*

*Robbins,* 176 Ohio St. 362, 199 N.E.2d 742 (1964).

{¶20} The *Harris* court further pointed out that Harris' other actions in

the trial court confirmed that he understood that he had stipulated to the prior

OVI conviction.  The State had notified the prospective jurors, at voir dire,

that "you will hear evidence that the defendant was convicted of an OVI on

February 13th, 2015." Harris did not contest this statement. *Id.* at 38.

{¶21} Also, in the opening statement, the State informed the jurors

that "[i]n this case you will hear evidence that the defendant * * * had a

prior OVI conviction on February 13th of 2015." Harris did not object, seek

a curative instruction, or move for a mistrial. Then, in his closing argument,

Harris' defense counsel acknowledged to the jury that "Mr. Harris has had a

DUI in the past." In overruling Harris's assignment of error, the court

concluded at ¶ 40:

> "Based upon the foregoing exchanges, we hold that Harris had
> entered into a stipulation as to the authenticity and admissibility
> of the certified copy of the February 13, 2015 Clermont County
> judgment entry as proof of his prior OVI conviction. See
> *Waheed,* 1st Dist. Hamilton No. C-150254, 2016-Ohio-2951, at
> ¶ 10. In light of that stipulation and Harris' acknowledgement of
> the prior OVI conviction in open court, reasonable minds could
> have reached different conclusions as to whether the prior-
> conviction element of the charged crime had been proved
> beyond a reasonable doubt. See R.C. 4511.19(A)(2). Thus the
> trial court did not err, much less commit plain error, in failing
> to grant Harris' Crim.R. 29(C) motion for judgment of acquittal.
> *See State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184, at
> syllabus."

{¶22} Applying the same reasoning to Appellant's case, we begin by

pointing out that prior to the start of trial, the court and parties discussed

defense motions in limine regarding Appellant's prior convictions and

photographs of the accident scene. Defense counsel argued as follows:

"Uh, yes, Your Honor. I would say in regards to the motions in limine I filed yesterday. Your Honor, the first one being in regards to prior convictions, Your Honor. Ms. Branner has only provided the defense with one, uh, copy; that would be a certified record or record that would be admissible [unintelligible] document. [Unintelligible] Ohio Rules of Evidence nine oh two four, Your Honor. As such, Your Honor, we ask that with , as with evidence, uh evidence, admitted would be limited to that one, uh, document provided, Your Honor.* * *I do understand that she does, as part of her evidence, does need to enter in one entire conviction for the A2 violation, Your Honor. And she has only provided one prior conviction, we would ask that there be a limiting instruction allowing only one prior conviction to be mention."

{¶23} At no time during this exchange, did Appellant object to admission of the 2009 prior conviction. The trial court granted the defense motion. Later, the prosecutor stated in opening:

"* * * The evidence is going to show you today that, as is turned out, that man's breath smelled of alcohol. * * * As it also turns out, that man has a past conviction for drunk driving from two thousand nine. You see, this man, knows the system.* * *"

Appellant lodged no objection to this characterization of his knowledge and prior conviction during the opening statement.

{¶24} As set forth within, Officer Boggs testified about Appellant's prior conviction and State's Exhibit F was introduced during his testimony. Appellant did not object to this testimony or object to the proffering of Exhibit F at that time.

{**¶25**} Next, at the close of the State's evidence, when the State moved to admit the certified conviction into evidence, Appellant again did not object. "Generally, when a party fails to renew an objection at the time exhibits are admitted into evidence, that party waives the ability to raise the admission as error on appeal, unless plain error is shown." *State v. Deckard,* 2017-Ohio-8469, 100 N.E.3d 53 (4th Dist.) at ¶ 22, quoting *In re. S.L.,* 56 N.E.3d 1026, 2016-Ohio-5000 (3rd Dist.), at ¶ 37, quoting *Odita v. Phillips*, 10th Dist. Franklin No. 09AP-1172, 2010-Ohio-4321, at ¶ 56, citing *Nicula v. Nicula,* 8th Dist. Cuyahoga No. 84049, 2009-Ohio-2114.

{**¶26**} Then, in the State's close, the prosecutor argued:

> "* * * And then finally, we have to have a conviction within the prior twenty years. You will take back with you the certified conviction from the clerk's office of Mr. Cranford's jury trial in two thousand nine, when he was convicted of driving, of OVI. That was on January twenty—second, two thousand nine. So the evidence is clear. * * * And why did he say no to that test? When it could have cleared up all this? He knows how OVI investigations work."

Appellant did not lodge an objection to the closing argument. Finally, in closing arguments, defense counsel referenced the prior OVI in his remarks as follows:

> "Miss Branner has you to believe that the prior conviction that she talks about it proof that he did everything. It's not. Has he made mistakes in the past? Yes. We all have. That does not mean his prior mistakes are a result of any type of conduct that you can read into this today."

**{¶27}** Given Appellant's failure to object to any mention of the prior conviction in opening and closing arguments, during Officer Boggs' testimony, and when the State offered the certified copy of the conviction into evidence, we review his arguments on appeal under the plain error standard of review. Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. However, the accused bears the burden of proof to demonstrate plain error on the record. *Id.; State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). However, even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.*

**{¶28}** Having reviewed the record, we conclude that Appellant's failure to object when the certified copy of his prior conviction was offered into evidence is tantamount to a stipulation as to the authenticity and

admissibility of the certified conviction.  As in *Harris,* in light of the stipulation and other references to the prior conviction in the record, none of which Appellant challenged, we find that after viewing the probative evidences and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of Appellant's conviction for R.C. 4511.19(A)(2) beyond a reasonable doubt.  As such, we find no merit to Appellant's argument that the State failed to provide sufficient evidence of his prior conviction.  Therefore, we overrule the sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J.:  Concurs in Judgment Only.
Abele, J.:      Dissents.

For the Court,


BY:  _____
           Matthew W. McFarland


### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**